## MOORE et al vs. GRANGER, Sheriff, et al.

1. HOMESTEAD: *Disposition of.*

   B, the owner of a homestead, and judgment debtor of C, exchanged places with A, each executed a deed to the other. C levied an execution on the homestead in the possession of A. *Held* that the judgment lien attached, and A could claim no protection under the former homestead right of B.

2. DAMAGES: *Upon the dissolution of an injunction.*

   Sections 3482–3, Gantt's Digest, confers a discretionary power on the Circuit Court to award damages in any sum not to exceed ten per cent. upon the dissolution of an injunction, which this court will not assume to control.

APPEAL from *Desha* Circuit Court in Chancery.
Hon. JOHN A. WILLIAMS, Circuit Judge.

*L. A. & X. J. Pindall,* for appellants.

Frank might file a bill to remove a cloud, and *a fortiori* may to restrain a sale. *Christie* v. *Hale,* 46 Ill., 122. He cannot invoke the remedy in secs. 2619, Gantt's Dig., or 2670. Moore had an interest in the relief asked, from his covenants. Sec. 4475. Misjoinder no ground of demurrer. Sec. 4616, Dig.

Moore is entitled to a homestead, and that cannot be taken with Frank's land also.

The execution was illegal, and Frank had no means to recall or quash it. Injunction the only remedy. *Lee* v. *Crossman,* 6 Humphrey, 282.

*Weatherford, contra.*

The lien of the judgment rested on the lands in the hands of Frank. Damages for the whole amount of the debt was proper. The decree should conclude the parties and their sureties on the injunction bond, Gantt's Digest, 3485, and the supersedeas bond also, secs. 1101–2. Provisions are made in the Digest for correcting errors. Sec. 2619.

WALKER, J.:

This is a suit in chancery, brought by Moore and Frank, to enjoin the sale of certain lands levied upon by Granger, as Sheriff, to satisfy an execution in favor of Allen & Co.

The grounds upon which plaintiffs rely for equitable relief are that the property is the homestead of Frank, and, as such, is not subject to sale under execution, and that the execution is for more than the judgment upon which it was issued.

. The facts, as disclosed by the bill, are: That Allen & Co. obtained judgment against Moore, who, at the time, was the

owner and occupant of the land now levied upon. Execution issued upon the judgment, obtained by Allen & Co., against Moore, and was levied upon the property as his. Moore claimed it as a homestead, which was allowed and the execution returned without sale. Shortly after this, Moore exchanged lands with Frank, and took a deed from Frank for the lands which he got from him, and made Frank a deed for his homestead tract. Moore took possession of the land bought of Frank, and Frank of that bought of Moore. Allen & Co. had another execution issued upon their judgment against Moore, which was levied upon the lands bought by Moore of Frank. Moore claimed a homestead exemption on this land also, which was allowed. The judgment lien of Allen & Co. not having expired, they had the tract, which Moore originally had set apart to him as a homestead, and had sold to Frank, levied upon. To enjoin this sale, Moore and Frank have filed their bill. The theory of which is, that Moore, by force of his homestead right, acquired a vested right of property, which he might transmit to his vendee free from the judgment lien.

The rulings of the American courts have not been uniform upon this question, but this court, after a careful consideration of the question, has in several recent decisions held that the homestead right attached to the home of the occupant, the head of the family, and to his wife and children after his death, to continue until the children became of age, or, until abandoned by a change of residence, after which time the homestead protection was removed and attached to, and protected, the family in their newly acquired home; in effect, that it was a shield and protection thrown around the family, to protect them in the use and enjoyment of a home, whilst they chose to occupy it.

An apt illustration of this, is to be found in the present case. Moore had claimed, and was allowed, a homestead on this land,

he abandoned it, and entered upon the land bought of Frank, and then claimed and was allowed a homestead exemption on that, it then being his home, whilst Frank, who purchased of him, claims protection under Moore's former homestead right, which we think cannot avail him.` Allen & Co. had a continuous, unexpired, judgment lien on this land, suspended, it is true, whilst occupied as a homestead, but which attached and held the land upon Moore's removal, and we must hold the land subject to Allen & Co.'s debt.

To thus hold may operate to the prejudice of the interests of Frank, who may have bought of Moore under the impression that he succeeded to Moore's homestead right. Such however, was not the case. The homestead is a mere right of occupancy, an exemption of the land from sale whilst occupied as a home. During all the time of such occupancy the judgment lien is suspended, but when abandoned by the occupant may be enforced. *Norris, et al.,* v. *Kidd,* 28 Ark., 485; *Chambers* v. *Sallee, adm'r.,* 27 ib., 470; *Johnson et al.* v. *Turner, adm'r.,* ib., 280; *Jackson* v. *Allen & Co., ante.*

Upon this ground no equitable relief can be afforded, nor is the second ground more tenable.

If the execution was issued for a greater sum than that recovered, an adequate remedy is afforded the party by motion before the court from whence the execution issued.

Having thus disposed of the appeal taken by the complainants, our attention is called to the right of Allen & Co., under a cross-appeal which counsel for Allen & Co. claim to have taken.

Upon looking to the transcript we find, that upon the disposition of the injunction, the court, after having heard the evidence, assessed the plaintiff's damages to the sum of $13.82.

The counsel for Allen & Co. contend, that the damages should have been larger. The statute, Gantt's Digest, secs. 3482, 3483, confers upon the court a discretionary power to award damages

in any amount, not to exceed ten per cent., and although the amount assessed is much less than that amount, we will not assume to control this discretion.

Let the judgment of the court below be in all things affirmed.