COBLENTZ VS. WHEELER & WILSON MAN'F'G. CO.

1. ACCORD.

An agreement by a judgment creditor, without consideration, to accept less than the judgment in full satisfaction of it, is an accord unexecuted—is invalid and not enforceable in equity.

2. INJUNCTION. *Proper judgment upon dissolution.*

Upon the dissolution of an injunction where an execution at law upon a money judgment is enjoined, the Court should remit the creditor to his judgment at law for satisfaction of the judgment and interest, and render a decree for not more than ten per cent. upon the amount enjoined for damages, and award execution thereon. It is error to render a decree for the amount of the judgment enjoined, and interest added as damages.

APPEAL from *Conway* Circuit Court in Chancery.

Hon. W. D. JACOWAY, Circuit Judge.

*W. I. Warwick* for Appellant.

Courts will sustain compromises between debtor and creditor when not procured by fraud. 2 *Parsons on Contracts, p.* 618 *and note X.*

It was error to assess as damages the amount of the judgment with accrued interest. Not more than 10 per cent upon the amount enjoined should have been awarded. *Gantt's Dig., sec.* 3482-3-4; *High on Injunctions, sec.* 966 *to* 970.

In the absence of statutory enactment, it is error to assess the amount of the judgment as damages, but the bill should have been dismissed with costs. *High on Inj., sec.* 921; *Medley v. Pannils, Adm'r.,* 1 *Rob., Va.,* 63; *Bartlett v. Blanton,* 4 *J. J. Marsh, (Ky.)* 432; *Wilson v. McCullough,* 5 *Ib.* 363; *Moss v. Rowland,* 3 *Bush,* 507; 29 *La Ann.* 149.

There is nothing in the record to show on what evidence the Court assessed damages. 77 *Ill.* 143; 78 *Ib.* 101.

*W. L. Moose* for Appellee.

The contract was without consideration and void. *Bishop on Contracts, sec.* 412; 66 *N. C.,* 534; 9 *Vroom,* 358; 8 *R. I.,* 381; 1 *Dev. Eq.,* 433; 31 *Md.,* 126; 100 *Mass.,* 249, and even if Stewart had accepted the $25.00, it would only have been a satisfaction *pro tanto.* 5 *East.,* 230; 48 *N. Y.,* 225; 69 *N. C.,* 45; 37 *Iowa,* 262; 13 *Johns.,* 87; 1 *Met.,* 276; 15 *Ala.,* 700; 12 *Gray,* 341.

Equity will not avoid a valid contract. *Bisp. Eq., sec.* 372; 23 *Ill.,* 39.

#### STATEMENT.

ENGLISH, C. J. This was a bill for injunction, brought

in the Circuit Court of Conway county, by B. C. Coblentz against the Wheeler & Wilson Manufacturing Co.

The bill alleges in substance, that on the 31st of March, 1876, plaintiff executed to S. B. Kirby & Co. a promissory note for $69.00, payable June 1st, 1876; and that Kirby & Co. assigned the note to the defendant company. That on the 13th March, 1878, the defendant company sued plaintiff on the note before a Justice of the Peace, and the suit was transferred by change of venue, to the Court of Common Pleas of Conway county, where judgment was rendered against plaintiff for the amount of the note and interest.

It appears that this judgment was rendered on April 17th, 1878, for $81.32.

The bill further alleges that on the 21st of October, 1878, plaintiff made an agreement with B. T. Stewart, agent of the defendant company, duly empowered to settle and compromise its debts, that he would pay $25.00 in full satisfaction of said judgment, in fifteen days, and in the meantime no proceedings should be taken to collect said judgment. That at the time and place agreed upon, plaintiff was present and ready to pay the $25.00, but that Stewart in disregard of the agreement failed to attend, and had afterwards caused an execution to be issued upon the judgment and levied upon the plaintiff's property.

The bill prays that the defendant company be enjoined from further proceeding to enforce the judgment, and compelled to accept the $25.00 as agreed by its agent, Stewart, in full satisfaction of the judgment.

On the filing of the bill, the County Judge granted an interlocutory injunction, the Circuit Judge being absent from the county.

On the 31st of October, 1881, the Circuit Court sustain-

ed a demurrer to the bill, for want of equity, and the
plaintiff resting, dissolved the injunction, dismissed the
suit and assessed damages in favor of the defendant com-
pany.

The decree rendered by the Court is as follows:

"Come the parties to this suit and by leave of the
Court the plaintiff, B. C. Coblentz, amends his complaint
by interlineation, and the defendants file their demurrer
to said complaint as amended the third time; and said
demurrer coming on to be heard, and the Court being
sufficiently advised, doth sustain said demurrer, to which
decision of the Court the plaintiff at the time excepted.
And said plaintiff electing to stand on his complaint as
amended and declining to further plead, the plaintiff's
complaint is hereby dismissed with costs. And it ap-
pearing to the Court that the plaintiff at the commence-
ment of this suit obtained an injunction enjoining the
defendant Wheeler & Wilson Manufacturing Company's
execution upon a judgment which they obtained in the
Common Pleas Court of Conway County, Arkansas, for
the sum of eighty-one and 32-100 dollars, which judg-
ment was obtained April 17th, 1878; and it appearing
that said injunction ought not to have been granted; it
is therefore considered and ordered that said injunction
be and the same is hereby dissolved, set aside and held
for naught. And the Court also, upon demand of
the defendant Wheeler & Wilson Manafacturing Co.
proceeds to assess the damages sustained by said
defendant by reason of said injunction; and the
Court being well and sufficiently advised as to what dam-
ages to assess, doth assess the same at the sum of one
hundred and one and 06-100 dollars, it being the amount
of said judgment of $81.32 with interest thereon from
the date of its rendition until this date at the rate of six

Coblentz v. Wheeler & Wilson Man'f'g. Co.

per cent per annum from this date until paid, for which execution may issue," &c., &c.   .

To this decree plaintiff excepted and appealed to this Court.

### OPINION.

Accord.

I. ˙ The alleged agreement of the appellee company by their agent, to accept of appellant twenty-five dollars in fifteen days in full satisfaction of the judgment for $81.32, was an accord unexecuted—an agreement without consideration, invalid, and not enforceable in equity.  *Cavaness v. Ross*, 33 *Ark.*, 572; *Bishop on Cont., sec.* 412; *Kroomer v. Heim*, 75 *N. Y.*, 574; *S. C.*, 31 *Am. Rep.* 491.

Judgment on dissolution of injunction.

II. It was error in the Court below to render a decree against appellant for the amount of the judgment enjoined, with interest added as damages, for the wrongful suing out˙ of the injunction.  On the dissolution of the injunction, the appellee company should have been remitted to its execution upon its judgment at law for satisfaction of the judgment and interest, and the Court should have ascertained the amount of money enjoined and rendered a decree for not exceeding ten per cent. upon it, as damages for the wrongful suing out of the injunction, and awarded execution thereon.—*Gantt's Digest*, *Section* 3482–5.

So much of the decree as sustained the demurrer to the bill, dissolved the injunction and dismissed the suit with costs is affirmed, with leave to the appellee to proceed with its execution to obtain satisfaction of its judgment at law.

The decree for damages is reversed, and a proper decree will be entered here for damages at six per cent. upon the amount of money enjoined, and certified to the Court below for execution.