## JOSEPH BAUM v. J. M. BUNTYN.

1. ACCORD AND SATISFACTION. *Agreement during pendency of action.* *Effect.*

   Where in an action pending in the circuit court it is agreed that the plaintiff will release the defendant from the claim sued on upon his payment of the costs of the action, and the costs are accordingly paid by the latter, this is an accord and satisfaction, and a good defense against the further prosecution of the action by the plaintiff.

2. SAME. *Effect of judgment appealed from.*

   And such agreement is not affected by the fact that the case was appealed from a justice of the peace's court where a judgment was rendered against the defendant which was still in force when that agreement was made.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

In an action before a justice of the peace, J. M. Buntyn recovered a judgment against Joseph Baum for one hundred and forty-four dollars and twenty cents. The latter appealed to the circuit court, and while the case was pending there and during a term of the court an agreement was made between Buntyn and Baum, the latter acting through his agent, T. M. Scanlan, in pursuance of which Baum paid the costs of the suit, and by direction of Buntyn the case was dismissed, and the latter gave a receipt in full for his claim against Baum. At the same term of the court, upon Buntyn's motion, the case was reinstated upon the docket and a trial had. The defendant set up his agreement with the plaintiff above referred to as a defense to the action.

Both parties adduced evidence as to the nature and terms of the agreement, and asked instructions in reference to the effect thereof. The substance of the agreement and the instructions given and refused in reference thereto are sufficiently stated in the opinion of the court. The verdict and judgment were in favor of the plaintiff and the defendant appealed.

*Whitaker & Bell,* for the appellant.

The release, which the defendant attempted to plead in bar, expresses the intent of the plaintiff very clearly, and, we insist, was

entirely valid, even if there had been no consideration.    *Young* v.
*Power,* 41 Miss. 197.

A *release* differs from an accord and satisfaction, but either one
is a good defense and can be pleaded in bar.    2 Parsons on Con-
tracts 103 and 220.    In a release no special form of words is neces-
sary if it declare with entire distinctness the purpose of the creditor
to discharge the debt and the debtor.    2 Parsons on Contracts 220.
Under the statute it need not be under seal.

But there was a consideration, and the release states what that
consideration was.    Buntyn, plaintiff below, acknowledges that
Baum was not indebted to him and agrees to discharge the suit, *if*
*Baum would pay the costs.*    Baum had a right to purchase his peace
without prejudice to his cause, and the payment of the costs ought
not to be construed as evidence that Baum really owed the debt,
but that he was willing to pay the costs to be rid of the action.
1 Greenleaf, § 192.    The payment of the costs was a sufficient
consideration.    *Case* v. *Hawkins,* 53 Miss., bottom of page 706 ;
*Byne* v. *Cummings,* 41 Miss. 192 ; *Young* v. *Power,* 41 Miss 197 ;
*Emanuel* v. *White,* 34 Miss. 56 ; *Hinds* v. *Pugh,* 48 Miss. 278 ;
2 American Leading Cases 226 ; *Goodman* v. *Simmons,* 20 How.
(U. S.) 343, 371 ; 2 Parsons on Contracts 196.

The abandonment of the suit by Buntyn if Baum would pay the
costs, and the payment of the costs by Baum in pursuance of the
agreement, constituted an accord and satisfaction, and Baum would
be entitled to plead it in bar even if Buntyn had not entered a
remittur of the judgment and dismissed the cause.    *Case* v.
*Hawkins,* 53 Miss. 707 ; Addison on Contracts 1072 ; 2 Parsons
on Contracts 196.

*S. B. Watts,* for the appellee.

I submit that there was no accord and satisfaction, even on the
testimony of T. M. Scanlan.    The agreement was not even an
" accord," much less a " satisfaction."

To constitute a valid accord and satisfaction, the agreement or
accord must be executed ; there must be satisfaction as well as an
accord.    *Burrus* v. *Gordon,* 57 Miss. 93 ; *Guion* v. *Doherty,* 43
Miss. 538 ; *Barnes* v. *Lloyd,* 1 How. 584.

Scanlan seems to have volunteered in the matter to get Baum out by getting up an arbitration between Buntyn and Miller, who was not a party to the suit, and very kindly proposed to act as Buntyn's man. Buntyn had a judgment against Baum already, but seemed willing that the whole matter should be taken out of court and arbitrated between Baum, Miller, and himself, but when he learned what Baum said about it—" I am out of it, am I ? well, I'll stay out"—he concluded he had been victimized, and at once appealed to the court to be put in a position to have his rights vindicated. The courts and juries of the country will not sanction such conduct as is disclosed by the record, and the court very properly refused to dismiss the suit, and submitted the facts to the jury, and the jury saw fit to accept Buntyn's version of the transaction.

Even if the agreement between Buntyn and Scanlan had possessed all the other requisites of an accord and satisfaction, it was wholly without consideration. If we accept the views of appellant, Buntyn was simply to get nothing, was to turn Baum loose and look to Miller, a man who, upon his own statement, was insolvent. But they say Baum paid the costs. There was a judgment against him for it; it was no advantage to Buntyn.

CAMPBELL, C. J., delivered the opinion of the court.

In the trial of this case the defendant contended that he had been discharged from the claim sued on by the agreement of the plaintiff to accept payment of the costs of the case by him in satisfaction of the demand, and that he had paid the costs, and the suit had been dismissed in pursuance of the agreement. There was evidence tending to support this position. The court instructed the jury, at the instance of the plaintiff, that the agreement referred to was no defense if the plaintiff's demand had not been paid, and refused to instruct for the defendant that if the matter had been finally settled between the parties by an agreement that the defendant should pay the costs of the case for a full discharge from the claim, and he had paid the costs, he was thereby discharged from the demand.

This action was erroneous. If the plaintiff agreed to accept

payment of the costs of the pending suit as a full satisfaction of the claim sued on, and the costs were paid in execution of the agreement thus to settle the matter, he could not afterward maintain a suit on the claim thus settled. The jury should have been so instructed, and it would then have been for it to say whether the plaintiff had agreed to accept payment of the costs as a satisfaction of his demand. The fact that judgment had been given against the defendant for the debt and costs by the justice of the peace did not alter the effect of the alleged agreement between the parties. An appeal had been taken, and the case was pending in the circuit court to be tried anew, and if the plaintiff agreed to release the defendant from the claim sued on upon his payment of all costs, and they were paid, this was an accord and satisfaction. This was the real point of dispute, and for the erroneous instruction of the jury the judgment is reversed and the cause remanded for a new trial.

*Reversed.*