## BOYD v. MOATS *et al.*

**Accord and Satisfaction:** CONSIDERATION : PAYMENT BEFORE DUE. An offer to pay less than the whole amount of a debt before due in full satisfaction thereof, and an acceptance of the offer, and payment accordingly, constitute an accord and satisfaction, supported by a good consideration.

*Appeal from Wright District Court.*—HON. S. M. WEAVER, Judge.

FILED, SEPTEMBER 8, 1888.

ACTION on a promissory note. As a defense the defendants pleaded accord and satisfaction. The court directed the jury to find for defendants, and judgment was accordingly entered, and plaintiff appeals.

*Aaron Yearous*, for appellant.

*Nagle & Birdsall* and *F. W. Pillsbury*, for appellees.

SEEVERS, C. J.—The facts pleaded and relied on by the defendants to establish an accord and satisfaction are that prior to the maturity of the note they wrote the plaintiff, offering to pay one hundred and fifty dollars in full satisfaction of the note, and that the plaintiff accepted the offer, and defendants complied therewith by paying said amount to Odenheimer, Miller & Co., bankers, as directed by the plaintiff. The plaintiff, in his reply to the answer, admitted writing the letter, but says no compromise was made, and said Odenheimer, Miller & Co. were not the agents of the plaintiff. And it was further pleaded in the reply that the plaintiff was induced to take less than the amount due on the note because of certain false and fraudulent statements written by defendants to plaintiff; that plaintiff wrote

Odenheimer, Miller & Co. that he had received a letter from defendants, offering one hundred and fifty dollars in full satisfaction of the note, and authorizing them to take that amount, clear of expenses, and directed them to send the one hundred and fifty dollars to him. The plaintiff complied with this offer before the note was due. There is no controversy as to the foregoing facts; and, as the defendants paid the money as directed by the plaintiff, before the note was due, the accord and satisfaction is complete. It is supported by a sufficient consideration, and that is the payment before the note became due and payable. All the authorities so hold. The only remaining question is, did the defendants make any false representations? There is no evidence tending to prove that the representations made were false or fraudulent. Therefore the court properly directed the jury to find for the defendants. This disposition of the case renders it unnecessary to consider the errors assigned in relation to the admission and rejection of evidence.

AFFIRMED.