G. H. MARSHALL v. JOHN A. BULLARD, Appellant.

**Satisfaction of Judgment:** DISCOUNT: *Consideration.* Where the assignee of a judgment against two debtors issued execution against one of them, who    he knew could not satisfy it, but before levying thereon agreed with a third party that, if one-half the judgment was paid, it would be deemed a satisfaction of the whole, and the money was paid by such third party, the agreement will be upheld, the furnishing of the money by a third party being a sufficient consideration.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

FRIDAY, OCTOBER 4, 1901.

ON February 4, 1895, the First National Bank of Ft. Madison obtained judgment against plaintiff and Fannie

Bullard for the sum of $555.50, with costs. About February 20, 1895, the defendant, with said Fannie, executed a stay bond. In December of that year execution issued, whereupon the defendant paid the amount necessary to satisfy it to the bank's attorney, who endorsed on the judgment record: "Received satisfaction of this judgment and atty's fees of John A. Bullard, except sheriff's fees, and execution ordered, and same is returned, and judgment is hereby assigned to him without recourse," and signed as "Atty. for Pltff." About July 14, 1897, the defendant caused execution to issue, and directed it levied on property of plaintiff. Before this was done, however, the parties hereto agreed that, if plaintiff would raise for defendant $320,—one-half the amount due on the judgment,—the judgment should be satisfied in full. This money was raised, as will more fully appear in the opinion, and defendant signed an indorsement on the record in these words: "Received the sum of $320 from Geo. H. Marshall, being settlement in full of one-half of this judgment." Shortly before the beginning of this action, in 1898, the defendant ordered execution against plaintiff, and this suit was brought to enjoin issuing the same. Decree as prayed, and defendant appeals.—*Affirmed.*

*T. B. Snyder* for appellant.

*Herminghausen & Herminghausen* for appellee.

LADD, J.—It may be conceded that John A. Bullard became the equitable owner, at least, of the judgment, as the amount thereof was paid to the judgment plaintiff's attorney upon the express understanding that it should be assigned to him. Thereafter he caused an execution to issue, and directed the sheriff to levy upon the property of plaintiff, one of the judgment defendants; but when the sheriff was about to do so Bullard told Marshall if he would raise and pay one-half the judgment he would release him therefrom, and would' give the other to his (Bullard's) mother, the other

judgment defendant.   Possibly the word "release" may not
have been used, but such was clearly the understanding of
the parties, though denied by Bullard.   The latter knew at
the time that Marshall had no property other than 4 horses
and 14 pigs, and that this was inadequate to satisfy the debt.
The design was evidently that he should raise money by pro-
curing it from another, he accordingly consulted Willard
Bullard, advising him fully of the circumstances.   It should
here be noted the debt was that of Mrs. Bullard, and the lia-
bility of Marshall resulted from signing with her as surety.
Upon being informed of the situation, she executed a chattel
mortgage to Willard Bullard, securing him the payment of
the money which he promised to procure.   The latter, in the
evening of the same day, went to see John A. Bullard, and
said, "Marshall tells me you will settle that judgment in
full if he will raise you $320," and was answered, "I did
tell him I would;" and he was then informed Willard Bul-
lard would help Marshall to the money, and that his (Bul-
lard's) mother would secure him therefor by a chattel mort-
gage on her personal property.   Willard Bullard borrowed
the necessary amount from one McCown, executing his indi-
vidual note therefor, and paid the $320 to the sheriff.   This
was done in reliance on John A. Bullard's agreement to re-
lease the judgment as against Marshall.   The note to Mc-
Cown was afterwards paid by Mrs. Bullard.   Shortly after
the above payment, Marshall and John Bullard each by
agreement paid one-half of the sheriff's costs.   Being after
the close of the transaction, this cannot be regarded as of
controlling importance.   But see *Harper v. Graham,* 20
Ohio, 106; *Baum v. Buntyn,* 62 Miss. 110; *Mitchell v.
Wheaton,* 46 Conn. 315 (33 Am. Rep. 24).

    I.   The rule that an agreement to accept part in satis-
faction of the whole of a liquidated demand is invalid because
without consideration has been declared too many times in
this state to permit of reconsideration.   *Keller v. Strong,*
104 Iowa, 585; *Bryan v. Brazil,* 52 Iowa, 350; *Works v.*

*Hershey,* 35 Iowa, 340; *Myers v. Byington,* 34 Iowa, 205; *Rea v. Owens,* 37 Iowa, 262; *Sullivan v. Finn,* 4 G. Greene, 544. But see *Clayton v. Clark,* 74 Miss. 499 (21 South. Rep. 565, 22 South. Rep. 189, 37 L. R. A. 771, 60 Am. St. Rep. 521), an interesting decision to the contrary. It is applicable to judgment debts. *Deland v. Hiett,* 27 Cal. 611 (87 Am. Dec. 102); *Fletcher v. Wurgler,* 97 Ind. 223; *Coblentz v. Manufacturing Co.,* 40 Ark. 180. If, however, such an agreement is supported by any new consideration, though insignificant, or technical merely, if valuable, it will be upheld. Thus, if a part is to be and is paid before due, or at a place other than that at which the obligor was legally required to pay, or if payment is made in property, no matter what its value, or by the debtor in composition with his creditors generally, in which they agree to accept less than their demands, the consideration is held to be sufficient. *Boyd v. Moats,* 75 Iowa, 151; *Stoutenberg v. Huisman,* 93 Iowa, 213; *Jones v. Perkins,* 29 Miss. 139 (64 Am. Dec. 136, and note); *White v. Kuntz,* 107 N. Y. 518 (14 N. E. Rep. 423, 1 Am. St. Rep. 886); *Very v. Levy,* 13 How. 345 (14 L. Ed. 173). See cases collected in note to *Fuller v. Kemp,* 138 N. Y. App. 231 (33 N. E. Rep. 1034, 20 L. R. A. 785); and also in 1 Cycl. Law & Proc. 323; 1 Am. & Eng. Enc. Law, 415. So, too, payment by a stranger to the original debt of a less amount than due in full satisfaction has been uniformly held to be a good accord and satisfaction, and to bar a subsequent action for the balance. *Gordon v. Moore,* 44 Ark. 349; *Fowler v. Smith,* 153 Pa. St. 639 (25 Atl. Rep. 744); *Clark v. Abbott,* 53 Minn. 88 (55 N. W. Rep. 542, 39 Am. St. Rep. 577); 1 Cycl. Law & Proc. 325. In *Shaw v. Clark,* 6 Vt. 507 (27 Am. Dec. 578), the debtor furnished money to another to obtain the judgment in his name, which he did, and then discharged the defendant therefrom; and in a suit for the balance this was held to be no defense. "As the sum paid was really the money of the debtor, and

paid over by his agent, it is the same as if paid by himself." In *Bunge v. Koon,* 48 N. Y. 225 (8 Am. Rep. 546), the compromise was to be effected if the debtors could induce their friends to raise and loan them the portion to be paid, which was done; but the court said: "The money, when paid, was to belong, and in fact did belong, to the defendants. It was to be paid and was paid as their money. Suppose a debtor agreed to go to work and earn the money, or to dig for it in the earth, would this furnish a new consideration to uphold the agreement of the creditor to take less than his conceded due? In all cases an embarrassed debtor must make some effort to procure the money to make a compromise, but no case can be found holding that the fact that he had agreed to make such effort furnishes any consideration to uphold the compromise. The debtor is legally bound to pay, and it is utterly indifferent to the creditor where he gets the money to do it. That is a matter of the debtor, and all his efforts are expended in simply endeavoring to discharge a legal obligation. Hence the fact that the defendants agreed to induce their friends to loan them the money, and that they did induce them, furnishes no new consideration to uphold the compromise." In *Harriman v. Harriman,* 12 Gray, 341, the creditor agreed "that, if the defendant would raise and pay plaintiff the sum of twenty dollars, he would receive the same in full satisfaction of his judgment;" but there was nothing to indicate the portion was to be borrowed, and it was held payment under such circumstances operated as no defense, as the raising implied no more than a proposition to collect or obtain from other funds. The facts of the case at bar clearly distinguish it from those cited. Marshall had not borrowed the money, as was done in *Bunge v. Koon,* and the arrangement for raising it implied procuring it from another, as he had no other way of obtaining it, as was known to the owner of the judgment. The money paid never belonged to the debtor, but was the property of and paid by a third party in reliance on the agreement to release plaintiff. True, repay-

ment was secured by the other judgment debtor, but on the faith of this same promise. This, however, did not affect the title in any way to the money borrowed by said third party for the express purpose of releasing the plaintiff from liability on the judgment. It may be, as contended, that there was no consideration moving from plaintiff, but, as the agreement contemplated furnishing money by a third party, and it was so furnished, a new consideration moved from said third party for his benefit, and the agreement will be upheld. See *Dalrymple v. Craig,* 149 Mo. Sup. 345 (50 S. W. Rep. 884).—AFFIRMED.