SNYDER ET AL VS SHERRELL ET AL.

Opinion rendered Nov. 24, 1906.   On Rehearing, June 14, 1907.

(S. W. Rep. 756).

1.  *Judgment—Proceedings for Relief—Sufficiency.*

In a suit for the purpose of annulling a judgment, a complaint which failed to allege that the defense to the judgment sought to be annulled was good and complete, was on demurrer was insufficient.

2.  *Judgment—Entered Nunc Pro Tunc.*

Through a misprison of the clerk a decree not being entered of record

at the term at which it was rendered, upon motion of one of the parties at the next term, the court can order the decree entered nunc pro tunc.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice W. H. H. Clayton, July 8, 1904.

Suit by Emmett Snyder and others against W. L. Sherrell and another, marshal· to enjoin execution on a judgment and annul the judgment. From a decree sustaining a demurrer to the complaint, plaintiff appeals. Reversed and remanded, with directions to enter judgment for damages not exceeding 10 per cent. of the amount of execution enjoined.

*J. S. Arnote,* for appellants.

*J. E. Whitehead,* for appellees.

LAWRENCE, J. This is an appeal from a decree sustaining a demurrer to a complaint for an injunction, dissolving a temporary restraining order, dismissing the complaint for want of equity and the assessment of damages because of the said restraining order,

The amended complaint alleges that said appellants recovered a judgment against said Sherrell, in the United States Commissioner's Court January 7, 1902, but the record is silent as to the nature or amount of same. No appeal was taken on day judgment was rendered, and no notice was given appellants of the taking of an appeal. A transcript of the record of said cause before the commissioner was filed in the United States District Court March 22, 1902, and April 22, 1902, being the second day of the April term of said court, the appellants not appearing, a judgment by default was rendered against them in favor of said Sherrell. Yet the amount and character of same nowhere appears in the record. June 9, 1902, execution issued upon said judgment, and on the same date the said Hackett as marshal

levied upon property (not described) as the property of appellants, but alleged to have been the property of one Hudson, yet the appellees threatened to levy of appellants' property and that "they will have to resort to infinite number of suits unless defendants are restrained from having other executions issued upon said judgment." The prayer is for a temporary restraining order to prevent further action under said execution, to prevent the issue of other executions upon said judgment, and a mandatory order for release of property levied upon and, upon a final hearing for a decree forever restraining appellees from causing any execution to issue on said judgment, and that said judgment be annulled and set aside, and for general relief. The complaint was presented to the judge in chambers June 10, 1902, and thereupon a temporary restraining order was issued upon plaintiffs giving bond in the sum of $200. The bond does not appear in the record. January 3, 1905, the defendants, these appellees, moved the said District Court for a nunc pro tunc order to enter a decree in the cause, it being made to appear to the court that July 28, 1904, the court rendered a judgment against the plaintiff for $195, and dissolved the injunction, and by oversight the same had not been entered of record. The motion was allowed, and it was ordered that the judgment be entered as of said date, which was done accordingly, reciting, in substance, that the cause came on for hearing upon demurrer to the complaint, and the court being fully advised sustains said demurrer, to which plaintiffs except and refuse to further proceed, whereupon the cause is dismissed and defendants' damages assessed at $195, to which plaintiffs except, and judgment rendered in favor of said Sherrell for said amount and temporary injunction, to which plaintiffs except. Appellants assign as errors the action of the trial court in sustaining the demurrer, in granting the order for judgment nunc pro tunc, and in the assessment of damages in the sum of $195.

The first question is:   Does the complaint allege sufficient facts to·authorize the relief sought?   If not, there was not error in sustaining a demurrer to it.   Courts of general jurisdiction are presumed to act by right and not by wrong, unless it clearly appears that they have transcended their powers. Therefore, every intendment is in favor of the District Court to which appeal is taken.   The complaint must overcome this by precise and apt pleading, for the demurrer admits no fact or facts not so pleaded.   It must appear by clear affirmative statement that there was no notice, personal or constructive, given appellants of the appeal from the Commissioner's Court to the District Court, assuming that such notice was jurisdictional.   It is alleged in general terms that no notice was given these appellants of the appeal in which they were appellees. ·The statute provides that personal service of written notice of·appeal shall be given appellee 10 days before the first day of the term to which the appeal is taken, the notice to be served as an original summons, and, when appellee does not reside in the district·and has no agent in the suit therein, the service may be by leaving a copy of the notice with the commissioner. We think that the statement that no notice of·the appeal was given these appellants (appellees) below is not sufficient negation that no notice was left with the commissioner.   The presumption· being that the District Court did right and not wrong, the court must assume that the notice of appeal was given constructively by leaving it with the commissioner, thereby meeting the requirement of the statute.   Furthermore, we think the ·court below was right in holding the demurrer to the complaint well taken, in this, that it failed to allege that there was a good and complete defense to the judgment sought to be annulled.   In the absence of a clear and precise statement of this very material allegation, it must be presumed that the contrary exists, under the well-known rule of pleading that the omission to state a material fact amounts to an admission

that the fact does not exist. It would be a vain thing to ask a Court of Equity to prevent the collection of a just debt because of failure of the observance of a requirement as to form. This complaint is most inartificially drawn. It does not show the nature or amounts of the judgments in the Commissioner's Court and the District Court, or the amount of debt, damages, or costs in the execution sought to be enjoined. In short, it is wholly insufficient to warrant the granting of a restraining order of any sort of equitable relief, and there was no error in sustaining a demurrer to it.

There is no merit in the second assignment of error. It appears that the court at its May term, 1904, sustained the demurrer to the complaint, dissolving the restraining order, and finding and decreeing the damages to be $195. By misprison of the clerk the same was not entered of record. At the following January term of court, on motion of defendant, being appellee Sherrell, the judgment was ordered entered nunc pro tunc which was done accordingly. This is authorized by the rules and practice of the common law, if not by the statute. 12 Am. & Eng. Encl. Law (1st Ed.) 80, and authorities cited.

The last assignment of error must be sustained. Carter's Ind. Ter. St. 1899 prescribe the procedure in cases of this kind:

Sec. 2522. Upon the dissolution, in whole or in part, of an injunction to stay proceedings upon a judgment or final order, the damages shall be assessed by the court, which may hear the evidence and decide in a summary way, or may, at its discretion, cause a jury to be empanelled to find the damages.

"Sec. 2523. Where money is enjoined, the damages may be any rate per cent. on the amount released by the dissolution, which in the discretion of the court may be proper, not exceeding ten per cent."

The Supreme Court of Arkansas, from which state this statute was adopted, in Moore vs Granger 30 Ark. 574, says: "Sections

2522 and 2523 confer a discretionary power on the Circuit Court to award damages in any sum, not to exceed 10 per cent, upon the dissolution of an injunction, which the Supreme Court will not assume to control." In Coblentz vs Manufacturing Co., 40 Ark. 180 it is held: "Upon the dissolution of an injunction, where an execution at law upon a money judgment is enjoined, the court should remit the creditor to his judgment at law for satisfaction of the judgment and interest, and render a decree for not more than 10 per cent. upon the judgment enjoined for damages, and award execution thereon. It is error to render a decree for the amount of the judgment enjoined and interest added as damages." While the record fails to show the amount of judgment enjoined, yet the limit of the jurisdiction of the commissioner being $300, the judgment on the appeal, could not have exceeded this sum; hence the limit of the damages could not be beyond $30. It follows that the assessment of $195 damages was erroneous, for which cause the decree of the District Court is reversed and the cause remanded, with directions to enter judgment for damages not exceeding 10 per cent. of amount of execution enjoined, including the costs.

GILL, C. J., and TOWNSEND, J., concur.

On Petition for Rehearing.

LAWRENCE, J. The petition for rehearing has been heard with supporting oral argument. It fails to point out wherein the court has misapprehended the record or the law relating to the point raised. No new point has been made nor any additional authority presented. The question remains: Is the amended complaint sufficient in statement to authorize the relief prayed, to annul the judgment of the District Court, rendered upon the appeal of appellee from the judgment of the Commissioner's Court, which was in favor of appellants, and grant a perpetual injunction against its enforcement? The ground alleged for the granting of this relief is that the appeal

was not taken from the judgment of the Commissioner's Court upon the day it was rendered, and no notice of the appeal was given these appellants; that they did not appear in the District Court; that their default was ordered entered against them, and judgment was rendered against them.

The statute provides that, when an appeal is not taken upon the day the judgment is rendered in the Commissioner's Court, the appellant is required to give notice, in writing, of such appeal at least 10 days before the term at which the appeal is to be heard, and if appellee does not reside in the district, and has no attorney therein upon whom service can be made, that the notice of appeal shall be lodged in the office of the commissioner within said 10 days.

The complaint should specifically negative each of said modes of notice. It fails to allege that they were not non-residents of the district, and had not an attorney therein upon whom service of notice could be made. In the absence of such averment, the court must conclusively presume that the statute was complied with by the commissioner in sending up the transcript to the District Court, and that the said transcript advised that court that such notice had been lodged with the commissioner. It is a presumption of law that all officials perform their duties. Therefore the demurrer was properly sustained to the amended complaint, the same dismissed for want of equity, and the restraining order dissolved.

The petition for rehearing is denied.