BRYAN v. BRAZIL.

1. **Evidence**: CONTRACT: UNDISCLOSED PRINCIPAL. Parol evidence is not admissible to discharge the signer of a written contract from liability thereon by showing that he executed it as agent for another.

2. **Payment**: PARTIAL: DISPUTED CLAIM. An instruction charging the jury that the payment of part of an admitted debt would not support a promise to forgive the remainder, and that simply an agreement to take less than the amount due of a disputed debt, without payment, was not binding, was held to be correct.

*Appeal from Polk District Court.*

TUESDAY, OCTOBER, 28.

THIS is an action for the recovery of an alleged balance due the plaintiff for the erection of a Catholic Church in Polk County, Iowa, under a written contract with the defendant. There was a jury trial and verdict and judgment for plaintiff for $913. The defendant appeals.

*D. Donovan* and *Bryan & Bryan*, for the appellant.

*Brown & Dudley*, for the appellee.

DAY, J.—I. The defendant entered into a written contract with the plaintiff for the erection of the church in question on William Ryan's property, Washington Township, Polk County, for $1215. The contract contains the following provision: "It is also stipulated that the notes of congregation who are to worship in said church, which notes are now in the hands of the party of the first part, are to be turned over without recourse to party of second part as payment when building is accepted." The answer of the defendant contains the following paragraphs: "2nd. That he executed the contract sued on as agent for the congregation for whom the church was to be built, and at the time said contract was executed the plaintiff knew that the defendant was acting as agent in behalf of the persons for whom the church was to be erected; that plaintiff then knew that all payments on said church

were to be made from means provided by said parishoners, and not from the individual means of defendant. 6th. That on the....day of........187.., he made due and legal tender of payment to the said plaintiff of the sum then due him according to the terms of the contract, to-wit: in the notes of the members of the congregation that was to worship in the building; that plaintiff refused to accept or receive the same, and has never since expressed his willingness to accept them in payment of said alleged indebtedness." On motion of plaintiff these divisions of the answer were stricken out. The abstract does not show the grounds of plaintiff's motion. The action of the court in striking out these portions of the answer is assigned as error.

1. The defendant entered into the contract in his own name, without disclosing the fact in the contract that he was agent and contracted as such. There is a conflict of authority as to whether parol evidence is admissible to charge an unnamed principal. The authorities are uniform that parol evidence is not admissible to discharge the actual signer. Parsons on Contracts, 5th ed., p. 55, and note *x*.

<span style="float:left">1. EVIDENCE: contract: un-disclosed principal.</span>

The defendant, having contracted in his own name, cannot now compel the plaintiff to look for payment to an aggregation of individuals, perhaps possessing no corporate existence.

2. The building was completed in the latter part of November, or the first part of December, 1874, and the key was delivered to Mr. Ryan by defendant's direction. Services have been held in the church by the congregation, and no objection is made that the church was not completed pursuant to contract. These facts amount to an acceptance of the church in November or December, 1874. The contract provides for the payment for the church when the building is accepted, in notes of the congregation, at the time of the contract in the hands of the defendant. A failure to pay in the notes of the congregation upon the acceptance of the building, as provided in the contract, would render the plaintiff's claim a money demand. After his claim became a money demand he would be under no obligation to accept payment in notes. The sixth

division of the answer may have been properly striken out for two reasons. *First.* It does not allege when the tender of the notes was made. *Second.* It does not allege that the defendant made a tender of notes of the congregation which the defendant had in his hands when the contract was made. Under the contract, the plaintiff was not under obligation to accept notes not in defendant's hands when the contract was made. It is true the plaintiff might have made a motion for more specific statement in these respects, but he was not under obligation to do so. This division of the answer, as it stands, presents no defense, and it was competent for the plaintiff to move to strike it out. As the record does not disclose the grounds of the motion, we cannot say that the court erred in sustaining it.

II. The charge of the court, by consent of the parties, was given to the jury orally, and taken down by the short-hand reporter. It contains the imperfections usually incident to an oral charge, and furnishes a striking illustration of the great superiority of a written over an oral charge. Notwithstanding a lack of clearness in some particulars, and some inaccuracies of expression, which have called forth the criticisms of defendant's counsel, we think that the charge, in the main, reflects the law with reasonable clearness.

Under the contract the plaintiff was to have $1215 for the erection of the church. In addition to this, the plaintiff claimed $200 for extra work. The defendant does not claim that he has paid more than $725, but he claims that the plaintiff agreed to accept the sum paid in full satisfaction of his claim. Upon this branch of the case the court instructed the jury as follows: "The only settlement by which parties are bound comes in a disputed claim. When parties dispute the claim, and then come to an adjustment as to the amount due and make a payment, the party is bound by the settlement, but where there is no dispute between the parties as to the justness of the claim or the amount due, and when each agrees upon the amount that is due, then agreement to take a less sum than the amount claimed as really due is not binding. The party is bound to pay all he did pay and to pay more be-

sides. But when there is a dispute between the parties, if it is clearly understood and agreed upon, then it becomes binding upon the parties. But if the amount due is in dispute, then simply an agreement to take a less amount does not amount to an agreement upon the settlement, and is not binding in the agreement."

The giving of this portion of the *charge is assigned as error. The propositions involved in this instruction are that 2. PAYMENT: the payment of the part of an admitted debt will partial: disputed claim. not support a promise to forgive the remainder of the debt, and that simply an agreement to take less than the amount due of a disputed debt, without payment, is not binding. These, we think, are correct propositions of law. See cases cited in Hammond's Digest, p. 218, sec. 21; Id., p. 14, sec. 5.

III. The defendant testified that some time in November or December, he tendered notes of the congregation to Kimball & Mitchell, to whom the plaintiff had given an order on defendant for payment. In reference to this tender, the court instructed the jury as follows: "In order to constitute a tender in this case, there should have been an offer of the notes in payment. As I said a while ago, a tender, after the time the payment should have been made, is not a binding tender, not so as to bind the plaintiff, in this case, as it became a money demand as soon as the defendant failed to deliver the notes at the time specified in the contract." It is urged that this instruction assumes the fact to be that the defendant did not make the tender until after the building had been completed and accepted, and the claim had become a money demand, whereas, it is a question of fact for the jury, whether or not the tender was made in time. We think the instruction is vulnerable to this objection. At least, the jury may have understood from the instruction that they were directed that the tender was too late, and could not be considered. We discover no other material error in the case.

For the error in the instruction above named, the judgment must be

REVERSED.