(Decided 22nd June, 1887.)

---

The Emmittsburg Railroad Company *vs.* John Donoghue, use of J. T. Motter & Co.

*Compromise—Agreement without Consideration—Insufficient plea.*

Where a single bill provides for payment of interest, the interest is as much a part of the debt as the principal; and an agreement by the creditor to relinquish all claim to the interest which had accrued, and to accept the payment of the principal, which was made, in full satisfaction of the debt, is without consideration, and the debt is not discharged.

In an action on a single bill, brought to recover the amount of interest alleged to be due thereon, a plea that the defendant owed the plaintiff the single bill, and another debt, the amount of which was in dispute; and that in fulfilment of an agreement with the plaintiff, he, the defendant, paid the face of the bill, and also the amount of the other debt as claimed by the plaintiff, without further dispute in regard to the last mentioned debt, and without further delay as to the single bill, and that these payments were accepted by the plaintiff in full settlement of his claim, is not a sufficient defence to the action.

Appeal from the Circuit Court for Frederick County:

This suit was brought by the appellee against the appellant to recover the amount of interest alleged to be due on a single bill executed by the latter. The defendant filed six pleas, the third and sixth of which are as follows:

3. And for a third plea it says, that before this suit, the defendant then being also indebted to the plaintiff in another sum of money in addition to the one in said *narr.* mentioned, and then being in need of money, and not having the same with which to pay the said claims of the plaintiff and other creditors, and the plaintiff well knowing the said condition of the defendant, the plaintiff proposed and agreed that if the defendant would then and there raise and pay to him the principal sums so due, without further or other delay, he, the said plaintiff, would release and give up all claim to interest on the same; that thereupon the said defendant having no property out of which said demands could be made by process of law, and the plaintiff being anxious to receive the said principal, it, the said defendant, did, in accordance with said accord and agreement, pay over to the plaintiff the said principal sum in full satisfaction of said claims as agreed by and between the said parties, and the said plaintiff did then and there surrender said writing-obligatory; and so the defendant says, that said claim was settled and satisfied, and that the said writing-obligatory is not rightfully or lawfully in the possession of the said plaintiff.

6. And for a sixth plea the defendant saith, that it, the defendant, then being without means, and all its property, income and estate being mortgaged and not liable to be seized or taken or made liable for the payment of its obligations, and also at the same time owing said plaintiff another claim, the amount of which was in dispute, the said plaintiff proposed to the said defendant that if it, the defendant would pay in cash the face of the said single bill in the said *narr.* mentioned, as well as the amount of said other claim as claimed by the said plaintiff, without further or other dispute in regard to said last named claim, and without further delay as to said single bill, the said plaintiff would accept and take and receive in full accord and satisfaction of said single bill, the face

Emmittsburg Railroad Co. *vs.* Donoghue, &c.

value or amount of said single bill and the other claim; to which proposal said defendant acceded, and did in fulfillment of said agreement and in full accord and satisfaction, pay to said plaintiff said amount of said single bill and said disputed account, which was accepted by said plaintiff in full settlement of said claim of said plaintiff; and this it is ready to verify, &c.

The plaintiff demurred to these pleas, and the Court sustained the demurrer. The Court gave judgment for the plaintiff and the defendant appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, and BRYAN, J.

*James McSherry,* for the appellant.

It is, of course, conceded that the mere payment of a less sum of money than the whole amount due will not operate as a satisfaction of the debt in the absence of a formal release. But that is not the question here. If in addition to part payment there be some other collateral consideration, such as in law is sufficient to support a contract, then the agreement to relinquish the residue is not *nudum pactum,* and such collateral consideration, superadded to the payment of part, is a good accord and satisfaction. Such collateral or additional consideration may consist of anything which would be a burden or inconvenience to the one party, or a possible benefit to the other. *Booth vs. Campbell,* 15 *Md.,* 569; *Maddux vs. Bevan,* 39 *Md.,* 485.

If a settlement is the result of a compromise, it is, in the absence of fraud, binding and conclusive. It is sufficient to render the settlement valid, that there were questions in dispute between the parties which have been decided. *Barlow vs. Ocean Ins. Co.,* 4 *Met.,* 270; *Riggs vs. Hawley,* 116 *Mass.,* 596.

The acceptance of a certain sum in compromise of a doubtful claim to a much larger amount, is a good accord and satisfaction. *Tuttle vs. Tuttle*, 12 *Met.*, 551.

The acceptance of the principal, with an agreement to waive the interest, is a good accord and satisfaction. *Johnston vs. Brannan*, 5 *John.*, 271.

In the case at bar it will be noted that the plea states, that besides the single bill sued on, the appellant was indebted to the appellee in another account, the amount of which was in dispute, and that the appellee proposed that if the appellant would pay the face of the single bill and the said disputed account, as claimed to be due by the appellee, without further delay or dispute, the appellee would accept the said face of the single bill in full accord and satisfaction, and that said proposal was accepted and the money was accordingly paid.

The avoidance of the further dispute with respect to the contested account, was clearly a possible benefit to the plaintiff, and it was an undoubted burden to or upon the appellant. Besides it was the compromise of a doubtful or contested claim, and hence a good consideration for the accord and satisfaction.

In addition to this, the third plea distinctly states that the single bill was delivered up in consequence of said accord and satisfaction, and that it was not rightfully or lawfully in the possession of the appellee. All this was admitted by the demurrer, and it is difficult to see, in the light of the authorities quoted, how there could be a more complete accord and satisfaction.

*Eugene L. Rowe*, for the appellee.

The demurrers to the defendant's third and sixth pleas were properly sustained, because a sealed instrument cannot be discharged except by a release under seal. *Blake's Case*, 6 *Coke*, 43 *b*. If the contract be by bond or covenant, it can be determined only by something of an

equal or higher nature. *Sibree vs. Tripp*, 15 *Mees. & W.*, 32, 34. Every contract or agreement must be dissolved by matter of as high a nature as that which first made it obligatory. *Broom's Legal Maxims*, 407. A contract under seal cannot be varied or discharged by a mere parol agreement. *Cordwent vs. Hunt*, 8 *Taunton*, 596. The obligor cannot, at the time appointed, pay a lesser sum in satisfaction of the whole, unless the obligee make an acquittance *under his seal*, in full satisfaction of the whole. *Co. Litt.*, 212 *b*.

The payment of a less sum of money than the whole debt, without a release, is no satisfaction of the plaintiff's claim. *Geiser vs. Kershner*, 4 *Gill & J.*, 305 ; *Jones vs. Ricketts*, 7 *Md.*, 116 ; *Loney vs. Bailey*, 43 *Md.*, 22; *Ingersoll vs. Martin*, 58 *Md.*, 71, 74 ; *Hardy vs. Coe*, 5 *Gill*, 189; *Booth vs. Campbell*, 15 *Md.*, 576 ; *Barber vs. State*, 24 *Md.*, 90 ; *Maddux vs. Bevan*, 39 *Md.*, 499; *Fitch vs. Sutton*, 5 *East*, 232 ; *Pinnell's Case*, 5 *Co.*, 117 ; *Brooks vs. White*, 2 *Met.*, 285 ; 1 *Smith's Leading Cases, part 1, page* 639, *notes to Cumber vs. Wane*.

It is only in actions where the damages are unliquidated, that the payment and acceptance of a sum of money as a satisfaction is a good bar. *Stockton vs. Frey*, 4 *Gill*, 408, 424.

A payment of part of the sum due upon a note, is not a sufficient consideration for a promise to remit interest due upon a note. *Barron vs. Vandvert*, 13 *Ala.*, 232.

Even a promissory note of the debtor, though accepted by the creditor in full satisfaction, is not, and cannot in law be a discharge of the debt, so as to bar the original cause of action. 1 *Smith's Leading Cases, part 1, page* 657 ; *Brengle vs. Bushey*, 40 *Md.*, 141.

Where a debt accrues by obligation not conditioned, the satisfaction must be by deed. *Comyn's Digest*, 199. In an action upon a deed, the accord and satisfaction should be by deed, and not being pleaded to be by deed,

the pleas are bad. *Preston vs. Christmas,* 2 *Wils.,* 86 ; *Strang vs. Holmes,* 7 *Cowen,* 226, 227.

BRYAN, J., delivered the opinion of the Court.

To an action on a single bill the defendant pleaded six pleas. The third and sixth were held bad on demurrer.

The third plea avers in substance that it was agreed between the plaintiff and the defendant that if the plaintiff would relinquish all claim to the interest which had accrued on the principal sum due, the defendant would pay said principal in full satisfaction of the debt, and that in accordance with the agreement the defendant did 'pay said principal sum, and the plaintiff thereupon surrendered to him the writing obligatory. The interest was as much a part of the debt as the principal, and it was necessary that an agreement to waive it should be sustained by a valuable consideration. The agreement was simply a contract to pay a portion of the sum due in satisfaction of the whole. A debt cannot be discharged in this way. *Jones vs. Ricketts,* 7 *Md.,* 116, and many other cases.

The substance of the sixth plea was that the defendant owed the plaintiff the single bill in question, and also another debt, the amount of which was in dispute, and that in fulfillment of an agreement with the plaintiff he paid the amount of the single bill without interest (or, as stated in the words of the plea, the face of the bill), and also the amount of the other debt as claimed by the plaintiff, without further or other dispute in regard to the last mentioned debt, and without further delay as to the single bill, and that these payments were accepted by the plaintiff in full settlement of his claim. We do not see that the statements in the plea show any consideration for giving up the interest due on the single bill. They show the payment of another debt; if the defendant paid no more than was due on this other debt, he gave nothing that would be a consideration in the view of the law. It

is not alleged that more was paid than was justly due. It is undoubtedly true that the compromise of a doubtful claim is a valuable consideration. The prevention of litigation is an object highly favored by the law. If there had been a controversy about this second claim, of which the issue was considered by both parties doubtful, the payment of the claim in full would have been a valuable consideration. 1 *Parsons on Contracts*, 469. It is not averred in the plea that the amount due was doubtful, and that to prevent litigation respecting it, this settlement was made. Merely stating that the amount was in dispute is a very different thing. In *Edwards vs. Baugh*, 11 *Meeson & Welsby*, 641, Lord ABINGER's remarks are very apposite : "The declaration alleges that certain disputes and controversies were pending between the plaintiff and the defendant, whether the defendant was indebted to the plaintiff in a certain sum of money. There is nothing in the use of the word ' controversy ' to render this a good allegation of consideration. The controversy merely is, that the plaintiff claims the debt, and the other denies it." In *Addison on Contracts*, 11, in a note we find these passages : "But if the rights of a claimant are doubtful, and are honestly contested, an agreement on the part of the debtor to pay something, and on claimant's part to accept that in full, is valid, so far, at least, as the element of consideration is concerned." "Thus when a creditor and his debtor entertain doubts of the validity of the debt, and make an honest compromise of it, a note given by the debtor for the compromise sum agreed on cannot be contested as lacking consideration." And a large number of authorities are cited. On page 12 it is thus stated : " But unless the debt is unliquidated, or some doubt exists as to the exact amount due, a promise by the creditor to discharge the residue on receiving payment of part is *nudum pactum,* and totally inoperative, because the debtor

is under a legal obligation to pay the whole demand." In our view of the case this plea is not a sufficient defence to the action.

*Judgment affirmed.*

(Decided 22nd June, 1887.)

