## BENDER v. BEEN.

1. **Promissory Note**: RELEASE OF MAKER UPON PARTIAL PAYMENT: CONSIDERATION. An agreement by the holder of a promissory note to release and discharge one of the joint makers upon payment of a part of the debt is without consideration, and is no defense to an action against him on the note. (See cases cited in opinion.)

2. **Contract in Writing**: CONSIDERATION : WHEN NOT PRESUMED. The law of this state that every written contract imports a consideration does not apply to a case where the contract upon its face shows that it is without any consideration recognized by the law; and so a written agreement to release a debtor upon payment of part of the debt does not import a consideration.

*Appeal from Ringgold District Court.*—HON. R. C. HENRY, Judge.

Bender v. Been.

### FILED, OCTOBER 3, 1889.

ACTION upon a promissory note. A demurrer to defendant's answer was overruled, and plaintiff refusing to further plead, and standing on his demurrer, judgment was rendered for defendant. Plaintiff appeals.

*Laughlin & Campbell*, for appellant.

*R. F. Askren* and *Scott & Everett*, for appellee.

BECK, J.—I. The promissory note in suit was jointly executed by defendant and four others. It called for two hundred and twenty dollars, and, after certain payments were deducted, it is claimed in the petition that one hundred and fifty dollars remained due thereon, for which judgment is asked. The defendant alleged in his answer that a prior endorsee of the note, while holding it, did execute a writing, discharging defendant from all liability thereon, which is in the following words :

"MT. AYR, IOWA, 5–3, 1887.

"Received of Chas. A. Been forty dollars, and same credited on note dated March 2, 1882, given for two hundred and twenty dollars, and signed by Calvin Stiles, Wm. A. Been, J. S. Been, C. A. Been and Wm. White, given to G. Bender. The consideration of payment of above forty dollars is that said Chas. A. Been is to be released entirely from the above-named note. This is done by consent of G. Bender.

"[Signed]        DAY DUNNING, Cashier."

It is further alleged in the answer that the note came into the possession of plaintiff long after maturity, who had full knowledge of the release pleaded. A demurrer to the answer was overruled, and from that decision plaintiff appeals.

II. It is a familiar rule of the law that a payment of a part of a promissory note, or of a debt existing in any different form, in discharge of the whole, will not bar recovery of the balance unpaid. The rule is based

upon the principle that there is no consideration for the promise of discharge; the sum paid being in fact due from the payer on the debt, he renders no consideration to the payee for his promise to release the balance of the debt. This doctrine has been recognized in more than one decision of this court: *Myers v. Byington*, 34 Iowa, 205; *Works v. Hershey*, 35 Iowa, 340; *Rea v. Owens,* 37 Iowa, 262; *Bryan v. Brazil*, 52 Iowa, 350; *Early v. Burt*, 68 Iowa, 716. Under this rule the discharge pleaded by defendant is without consideration, and is therefore void.

III. But counsel for defendant make an ingenious argument to show that the rule of the common law applicable to sealed instruments, under which they import a consideration in this state, since the abolition of private seals, is transferred to all writings which, like sealed instruments under the common law, import consideration. Without at all approving the position advocated by counsel, but regarding it as more than doubtful, it may be assumed for the purpose of showing that it cannot be applied to the case before us. It is not and cannot be claimed that a sealed instrument imports a valid consideration when it shows, by its own conditions and recitations, that it is in fact not founded upon a consideration. In other words, the presumption of consideration arising from a seal will not overcome the express language and conditions of a sealed instrument, showing that it is without consideration. We think this proposition need only to be stated to gain assent. It does not demand in its support the citation of authorities. Attention to the release pleaded by defendant, and quoted above, discloses the fact that it shows, by positive and direct recitations, that the payment of a part of the debt was the alleged consideration of the instrument for the release of the balance of the debt. The instrument, therefore, relied upon to show the release establishes the fact that it is entirely without consideration, and cannot therefore be enforced.

It is our opinion that the district court erred in overruling plaintiff's demurrer to defendant's answer. Its judgment is therefore　　　REVERSED.