SIMMONS HARDWARE CO. v. ADAMS.

(Court of Civil Appeals of Texas. Austin. May 22, 1912.)

1. PRINCIPAL AND AGENT (§ 155*) — CONTRACT BY AGENT—ENFORCEMENT.

An unauthorized compromise agreement by an agent was not enforceable against the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 574–582; Dec. Dig. § 155.*]

2. COMPROMISE AND SETTLEMENT (§ 6*)—VALIDITY—CONSIDERATION.

A compromise agreement without consideration is not enforceable.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 35–50; Dec. Dig. § 6.*]

3. COMPROMISE AND SETTLEMENT (§ 6*)—ACCORD AND SATISFACTION (§ 8*)—CONSIDERATION—PART PAYMENT.

The payment of part of a past-due undisputed debt is not a sufficient consideration to support a promise to accept the same in full payment.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 35–50; Dec. Dig. § 6;* Accord and Satisfaction, Cent. Dig. §§ 60–65; Dec. Dig. § 8.*]

4. APPEAL AND ERROR (§ 719*)—ASSIGNMENT OF ERROR—ERROR NOT ASSIGNED.

An objection that the compromise agreement relied on was without consideration, being fundamental and apparent of record, will be reviewed though not assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

Appeal from Coke County Court; G. S. Arnold, Judge.

Action by the Simmons Hardware Company against C. A. Adams. From a judgment for plaintiff for less than claimed, it appeals. Reversed and rendered.

See, also, 145 S. W. 285.

Geo. E. Critz, for appellant.

JENKINS, J. Appellant brought suit in the justice's court on a note for $189.85 executed by appellee and past due. Appellee answered that he made an agreement with the agent of appellant, who was thereunto authorized, whereby he was to pay $50 in cash and $50 in 30 days in full settlement of said note, and that he made said cash payment and tendered said $50 within the time agreed upon, and that the appellant refused to receive the same. To this appellant replied that said agent had no author-

─────────

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ity to make such settlement, and that appellant upon hearing of such agreement repudiated the same and so notified appellee; that thereupon, by agreement of the parties hereto, $25 of said $50 paid by appellee was returned to him, and the balance was credited on said note, and that appellee promised to pay the remainder. Appellee paid $25 into court. Appellant recovered judgment for $50. Upon appeal a similar judgment was rendered in the county court.

[1] The judgment of the trial court will be reversed and here rendered in favor of appellant for $189.85, with interest thereon at the rate of 10 per cent. per annum from June 1, 1909, less a payment of $25 to be credited thereon as of March 6, 1911, for the following reasons:

(1) The evidence shows that the alleged compromise was made without authority on the part of the agent attempting to make the same.

[2] (2) An agreement not supported by a consideration cannot be enforced for the reason that it lacks an essential element of a contract. Tooke v. Bonds, 29 Tex. 427; Yeary v. Smith, 45 Tex. 72; Helms v. Crane, 4 Tex. Civ. App. 90, 23 S. W. 392; Jones v. Risley, 91 Tex. 7, 32 S. W. 1027; Granger R. Ex. v. Anderson, 145 S. W. 262.

[3] (3) The payment of the part of a debt which is due and the amount of which is undisputed is not a sufficient consideration to support a promise to accept the same in full payment of the debt. In such a case the creditor has done no more than he was already legally bound to do. Bender v. Been, 78 Iowa, 283, 43 N. W. 216, 5 L. R. A. 597; Hayes v. Insurance Co., 125 Ill. 626, 18 N. E. 322, 1 L. R. A. 303; Bryan v. Brazil, 52 Iowa, 350, 3 N. W. 120; Railroad Co. v. Davis, 35 Kan. 464, 11 Pac. 421; Railroad Co. v. Donoghue, 67 Md. 383, 10 Atl. 233, 1 Am. St. Rep. 396; Leeson v. Anderson, 99 Mich. 247, 58 N. W. 72, 41 Am. St. Rep. 597; Day v. Gardner, 42 N. J. Eq. 199, 7 Atl. 365; Harrison v. Close, 2 Johns. (N. Y.) 448, 3 Am. Dec. 444; Tyler v. Relief Ass'n, 145 Mass. 137, 13 N. E. 360.

[4] (4) The second ground of invalidity of the judgment above set forth has not been assigned, but it is fundamental and apparent of record.

Reversed and rendered.