70    APPELLATE COURTS OF ILLINOIS.

Women's Catholic Order of Foresters v. Heffernan, 206 Ill. App. 70.

## Women's Catholic Order of Foresters, Complainant, v. Kate Heffernan et al., on appeal of Katherine Heffernan (Appellant), John W. Ryan and James E. Ryan (Appellees), Defendants.

### Gen. No. 21,898.

1. INSURANCE, § 749*—*what contract of fraternal beneficiary society as to payment of mortuary benefits is not binding.* A fraternal beneficiary society incorporated under Hurd's Rev. St. 1915-1916, ch. 73, p. 1542 (J. & A. ¶ 6646 et seq.), cannot make a binding contract that a mortuary benefit shall be payable to a person or class of persons other than those enumerated in the statute.

2. INSURANCE, § 810*—*when beneficiary cannot take.* One who is named as a beneficiary under a certificate of a fraternal beneficiary society and does not come within the classes of persons designated, at the time of the member's death, by the statute as eligible as beneficiary, cannot take.

3. INSURANCE, § 833*—*when fund passes to heirs.* Where the certificate of a fraternal benefit society names as beneficiary one who is not eligible under the statute, the fund passes to the heirs.

4. INSURANCE, § 717*—*when reference must be made to contexts of statute and by-law.* To determine the meaning in a statute and by-law of an insurance order of a term having more than one meaning, reference must be had to the context in which it is used, to the general purpose of the statute and to the purpose of the organization which adopted the by-law.

5. INSURANCE, § 811*—*what is a "family" within statute and by-law of fraternal benefit society.* "Family" as used in the Fraternal Benefit Society Act (J. & A. ¶ 6646 et seq.), and in the by-laws of an organization organized thereunder, held to mean a collective body, consisting of two or more persons who live together and between whom there are family relations of a domestic character.

6. INSURANCE, § 811*—*when evidence is sufficient to show that beneficiary is member of family of insured.* In an action upon a fraternal benefit society certificate, evidence held to show that the beneficiary was a member of the family of the insured.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and judgment here. Opinion filed May 31, 1917. Rehearing denied June 11, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Charles C. Stilwell, for appellant.

S. S. Walkowiak, for appellees; O. A. Arnston, of counsel.

Mr. Justice Taylor delivered the opinion of the court.

This is an appeal from a decree of the lower court, which provided that the proceeds of a fraternal insurance policy issued by the complainant should be paid to the heirs of the insured and not to the appellant, who was the beneficiary designated in the policy itself.

On October 27, 1897, the complainant, a fraternal organization, organized under the laws of the State of Illinois, issued to Winifred Ryan a certificate, in which her mother, Ann Ryan, was named as beneficiary. The latter died some time in March, 1899, and it then became necessary for Winifred Ryan to select another beneficiary. Accordingly, after a conversation with one Nellie J. Stafford, recording secretary of a branch of the complainant, said Nellie J. Stafford wrote a letter to the high secretary of the complainant, and in reply thereto received an answer from the high secretary, which is in part as follows: "You state one of your members wants to have her endowment certificate made payable to a dear friend. You ask if it will be necessary to adopt her. This cannot be done, we could issue a certificate payable to this friend, if they were members of the same family, that is if they resided in the same house. Otherwise we cannot have her certificate made payable to her friend, as it is not legal to do so."

On February 1, 1905, the complainant issued a new certificate to Winifred Ryan, in which it promised to pay to "Katherine Heffernan, a member of my family, $1,000.00, upon satisfactory evidence of the death of

72    APPELLATE COURTS OF ILLINOIS.

Women's Catholic Order of Foresters v. Heffernan, 206 Ill. App. 70.

said member, and upon the surrender of this certificate.''

Winifred Ryan died December 31, 1914, and at the date of her death was a member of said complainant organization in good standing. She left her surviving the appellees, John W. Ryan and James E. Ryan, her brothers, her only heirs at law and next of kin.

The bill of complaint in this cause was filed on March 4, 1915, by the complainant, offering to pay into court $1,000, the amount of said certificate, and praying, among other things, that the defendants interplead, in order to determine to whom the proceeds belonged.

On May 3, 1915, Katherine Heffernan answered, claiming to be the legal holder and lawfully designated beneficiary. On May 14, 1915, appellees, John W. Ryan and James E. Ryan, answered, claiming that Katherine Heffernan was ineligible as beneficiary, and that they themselves were entitled to the proceeds of the certificate.

On May 14, 1915, the complainant paid the fund into court, and on June 5, 1915, a decree was entered, finding, among other things, that Katherine Heffernan was not a member of the family of the said Winifred Ryan, and that she was not related to the said Winifred Ryan in any manner whatsoever, and that she was not in any or either of the classes of persons to whom an endowment certificate in the said complainant's organization could be made payable, in accordance with the constitution of said organization; that the designation of said Katherine Heffernan as beneficiary was null and void, and that therefore the appellees, John W. Ryan and James E. Ryan, brothers of the deceased, were entitled to the proceeds of said certificate. It was decreed, accordingly, that the funds in the hands of the clerk be paid to appellees, John W. Ryan and James E. Ryan.

The evidence shows that Winifred Ryan, the deceased, upon her mother's death, over sixteen years

ago, and when she, the decedent, was about thirty-three years old, went to live with Katherine Heffernan, appellant. The latter at that time was living with her father and brother, at 1934 Huron street. The father of Katherine Heffernan died about six years ago, and her brother about two years ago. Throughout the whole period of sixteen years, the two, Katherine Heffernan and Winifred Ryan, the deceased, lived together in the same house. They did their work together, rarely separated, went together "to card parties, and visiting, and lodge meetings." They had no housekeeper. During nearly the whole of the last four years prior to her death, Winifred Ryan was under the doctor's care. The house in which they lived belonged to Katherine Heffernan after the death of her father. The work they did pertained to the making of neckwear. Katherine Heffernan did all the housework herself. They both worked and supported themselves. The witness, Nellie J. Stafford, testified "the two women were dearer than sisters. They went out together. I saw them most every week of my life. Miss Ryan nursed Miss Heffernan when Miss Heffernan was sick." The witness, Mrs. Frances Shea, testified that she never saw one without the other; that she never saw one of them go out alone. The witness, Mrs. Winifred O'Brien, testified that they were always together; that when Katherine Heffernan was sick Winifred Ryan cared for her as one member of a family would care for another, and Miss Heffernan did the same with Miss Ryan, who was sick many times.

It is claimed by the appellees that Katherine Heffernan and Winifred Ryan were not members of the same family, and that where the beneficiary is not within the class prescribed by the by-laws the designation is void.

The Women's Catholic Order of Foresters was organized on January 31, A. D. 1894, as a fraternal

beneficiary society, under the statutes of this State. (Chapter 73, Fraternal Life, etc., Companies, Hurd's 1915-1916, p. 1542, J. & A. ¶ 6646 *et seq.*). The statute provides that "payments of death benefits shall only be paid to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member," etc. It follows that the complainant, deriving its power from the statute, could not make a binding contract that a mortuary benefit be payable to a person or class of persons other than such as are enumerated in the statute itself. *Alexander v. Parker,* 144 Ill. 355. The laws of a fraternal benefit society may be narrower than the statute under which the society was organized, and may exclude some who would otherwise be eligible under the statute. In that case the particular laws of the organization would govern and not the statute, but the organization itself may not increase the number of classes of eligible beneficiaries beyond those prescribed by the statute. Also one who is named as a beneficiary, yet who does not come within the designated classes of eligible beneficiaries at the time of the death of the member, cannot take, and in such a case the fund would go to the member's heirs at law, who are within the designated classes. *Murphy v. Nowak,* 223 Ill. 301; *Tyler v. Oddfellows' Mut. Relief Ass'n,* 145 Mass. 134.

The question arises whether or not Katherine Heffernan at the time of the death of Winifred Ryan was a member of the family of Winifred Ryan. Katherine Heffernan was described in the certificate as "Katherine Heffernan, a member of my family." Does the evidence show that Katherine Heffernan was a member of the family of Winifred Ryan? At the time of the attempted change of beneficiaries Katherine Heffernan was living with her father and she was a member of his family, and Winifred Ryan was living with them, and with reason it cannot be said that at that time

Women's Catholic Order of Foresters v. Heffernan, 206 Ill. App. 70.

Katherine Heffernan was a member of the family of Winifred Ryan. There is no doubt that subsequently after the death of the father of Katherine Heffernan, and after the death of her brother, that is during the two years immediately prior to the death of Winifred Ryan, Katherine Heffernan and Winifred Ryan were close friends, and constituted what might be called, in the popular sense, a family.

The word "family" comes, of course, from the latin word "*familia*," the definition of which, according to some lexicographers, is "household." In a limited sense it means father, mother and children. Then again, in a more comprehensive sense, it means a company of people living together and constituting one household. Sometimes, also, it means all those who are descended from one common progenitor. To determine in what sense it is used in the statute and rules of the complainant organization involved in this cause, it is necessary to consider its context and also to bear in mind the general purpose of the statute and of the complainant organization. The statute itself does not limit the eligible beneficiaries to blood relatives; it allows an affianced wife or husband, a dependent person, or a charitable institution to be named as a beneficiary. Nor do the rules of the complainant limit the beneficiaries to relations. It would seem to be reasonable, therefore, in such a case as the present, to consider the word "family" as meaning a collective body, consisting of two or more persons who live together, and between whom there are family relations of a domestic character. *Carmichael v. Northwestern Mut. Ben. Ass'n*, 51 Mich. 494. In the latter case an old man and a young woman who were not related, but who lived for many years in the same household, were considered as constituting a family. Applying the suggested principle, we are of the opinion that in the instant case the domestic status of Winifred Ryan and Katherine

Heffernan, at the time of the death of Winifred Ryan, was that of a family, and that the lower court erred in decreeing that the fund in question be paid to the heirs at law of Winifred Ryan and not to the appellant. The judgment is reversed, and judgment will be entered in this court in favor of appellant.

*Reversed and judgment here.*