Policemen's Benevolent Association of Chicago, Complainant, v. Etta A. Hill et al., Defendants. Appeal of Huldah Olson, Appellant.

Gen. No. 33,693.

Opinion filed April 28, 1930.

FRANCIS E. CROARKIN, for appellant.

BABCOCK, WORTHY & GILRUTH, for appellee; CHARLES H. CHAPMAN, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

The Policemen's Benevolent Association of Chicago filed a bill of interpleader, alleging that Edward Strum was a member of the society, receiving a benefit certificate of membership in which his wife, Maggie B. Strum, was named as beneficiary for the sum of $2,000; that Mrs Strum subsequently died and afterwards on application of Edward Strum a new certifi-

cate was issued in which Etta A. Hill, his deceased wife's sister, was named as beneficiary; that September 25, 1927, Edward Strum died and that there were various claimants for the proceeds of the certificate. The complainant in the bill of interpleader paid the sum of $2,000 into court and asked the court to award the money to the proper parties. Etta A. Hill filed her answer, as did nine heirs, nieces and nephews of Edward Strum. The chancellor awarded the proceeds of the certificate to Etta A. Hill, and one of the heirs, Huldah Olsen, appeals from this decree.

The question presented to the chancellor was whether or not Etta A. Hill, the beneficiary named in the certificate, was a member of the family of the deceased and entitled to the proceeds under the provision of the certificate which names as one of the objects of the association: "to establish a fund for the payment of death benefits to the families."

Etta A. Hill testified that she was the sister-in-law of Edward Strum, the deceased, and lived in his family for more than 20 years; that she resided with the family up to the time of Mrs. Strum's death, and continued to live there afterwards for about four years; that she contributed to the expenses of the household; that when Strum was taken ill he was taken to the hospital and that she continued to contribute to his comfort in the way of food and taking care of his clothes and laundry; that she afterwards took him to the Bethany Swedish Home and while there she called upon him daily, administering to his comfort and wants; that then she took him in an ambulance to the American Hospital where he remained a week and a day, when he died; that while in the hospital she called on him once or twice a day; that she paid all the expenses of his funeral and burial; that during this time she was employed in various offices and contributed to the support of Strum's family out of her earnings.

These and other circumstances which are virtually admitted furnished a sufficient basis for the conclusion of the chancellor that Etta A. Hill was a member of Edward Strum's family and entitled as the beneficiary named in the certificate to receive the proceeds thereof.

The word "family" has been given a broad application. It is defined by Webster as "the collective body of persons who live in one house and under one head or manager." Servants have sometimes been held members of a family. *Strawn v. Strawn,* 53 Ill. 263. In *Race v. Oldridge,* 90 Ill. 250, it was held that a friend of the defendant who was a boarder was a member of the family. No definite number of persons is necessary to constitute a family, although there must be at least two persons, and it is not essential that the persons actually reside together in one house. 25 C. J. 665, 666. While in *Rock v. Haas,* 110 Ill. 528, it was said that a residence together is essential to constitute a family, the court was there considering what was necessary for the creation of an estate of homestead. This distinguishes this case from the one under consideration. In *Women's Catholic Order of Foresters v. Heffernan,* 206 Ill. App. 70, the court had under consideration a situation very similar to that before us. The question was whether Katherine Heffernan was a member of the family of Winifred Ryan. These persons were not related, but for two years prior to the death of Winifred Ryan they were close friends, occupying the same residence. It was held that this constituted, in a popular sense, a family, and the opinion also says:

"It would seem to be reasonable, therefore, in such a case as the present, to consider the word 'family' as meaning a collective body, consisting of two or more persons who live together, and between whom there are family relations of a domestic character." (Citing *Carmichael v. Northwestern Mut. Ben. Ass'n,* 51 Mich. 494.)

In *Women's Catholic Order of Foresters v. Heffernan*, 283 Ill. 429, the judgment of the Appellate Court was affirmed.

With these considerations in mind, we are of the opinion that the decree of the chancellor awarding the money to Etta A. Hill was proper and the decree is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.