### GUINN v. CULVER et al.
### No. 4687.

Court of Civil Appeals of Texas. Texarkana. ·March 7, 1935.

Edward A. Brown and D. B. Chapin, both of Longview, for appellant.

Wynne & Wynne, of Longview, for appellees.

JOHNSON, Chief Justice.

This is an appeal from an order of the trial court granting, after notice, a temporary injunction restraining appellant from executing a judgment theretofore rendered in her favor in said court.

On October 4, 1932, appellant, Mrs. J. S. Guinn, as plaintiff, recovered a judgment in the district court of Gregg county, against L. F. Woodford, J. H. Culver, and Ben Culver, jointly and severally, for the sum of $1,200 and costs of suit. Execution was issued October 19, 1932, and placed in the hands of the sheriff. Before the execution was levied appellees, J. H. Culver and Ben Culver, paid to Mrs. Guinn the sum of $1,000, which they allege was agreed by Mrs. Guinn to be accepted in full and complete satisfaction of the judgment. The $1,000 was credited on the judgment. Thereafterwards Mrs. Guinn caused to be issued an alias execution to collect the remaining $200 and $70 costs. Whereupon appellees J. H. Culver and Ben Culver filed this petition against Mrs. Guinn, alleging the facts, in effect, as above stated, and praying for an order of the court restraining the execution of said judgment. Appellant, Mrs. Guinn, filed and urged a general demurrer to appellees' petition. The demurrer was overruled, and temporary injunction granted on appellees' sworn petition.

■■ Appellant, by appropriate assignment of error, contends that the trial court erred in overruling her general demurrer. The petition does not allege any new consideration for the alleged promise of Mrs. Guinn to release the judgment, but in this respect the petition alleges only that she agreed to accept the $1,000 in satisfaction and release of the judgment. The $1,000 was not the full amount shown to be due by the judgment. That appellees were due to pay the sum of $1,200 and costs under the judgment is not disputed in the petition. We are of the opinion that appellant's demurrer should have been sustained. "Payment of the part of a debt which is due and the amount of which is undisputed is not a sufficient consideration to support a promise to accept the same in full payment of the debt." Simmons Hdw. Co. v. Adams (Tex. Civ. App.) 147 S. W. 1196, 1197. The rule is held to be applicable to agreement to release judgment. Oviett (N. W. Fire & Marine Ins. Co.) v. Warner (Tex. Com. App.) 288 S. W. 434.

The judgment of the trial court will be reversed, and the injunction ordered vacated.