34 205
78 285

34 205
93 216

34 205
114 465

34 205
129 741

34 205
139 588

## MYERS v. BYINGTON.

1. Tender: PROMISSORY NOTE. That the maker of a promissory note had money in bank where the note was payable, but which was not set apart by him for that purpose, will not support a plea of tender.

2. Payment: OF SMALLER SUM THAN DUE. The acceptance of a smaller sum than legally due, as payment, will not, of itself, bar a recovery for the balance.

*Appeal from Johnson Circuit Court.*

WEDNESDAY, JUNE 5.

THIS action was commenced before a justice of the peace, and is based upon a promissory note made by defendant to plaintiff, payable fourteen months after date, with a condition that if not paid when due, it should bear ten per cent interest from date. No place of payment was specified in the note. The justice of the peace rendered judgment for plaintiff for the balance due upon the note, with interest from date. A like judgment was also rendered in the circuit court. The defendant appeals.

*Le Grand Byington, pro se.*

*Clark & Haddock* for the appellee.

COLE, J.— I. Upon the trial, the defendant offered to prove by witnesses, that before the maturity of the note, which specified no place of payment, it had been verbally agreed between the plaintiff and defendant, that the place of payment at maturity should be the First National Bank of Iowa City, and that the plaintiff would leave the note there for payment, but did not do so; that the defendant had inquired there for the note, and had money there in bank to pay the same at maturity, but not set apart for that purpose, because the note was not there. The court refused to admit the evidence. This refusal is assigned as error.

1. TENDER: promissory note.

We need not determine, whether in a case where a note is payable generally, the parties may agree upon a place of payment, and prove such agreement by parol evidence. The authorities are not in harmony upon this question. It is *held* that such proof is competent in *Pearson* v.

*The Bank of the Metropolis*, 13 Pet. 89, in which the opinion was delivered by MARSHALL, Ch. J.; and the same was also stated as the law, in *Thompson* v. *Ketcham*, 4 Johns. 285, by THOMPSON, J. But, in the same case, when afterward in the same court in 8 Johns. 184, KENT, Ch. J., delivering the opinion of the court, it was *held* that such evidence was not admissible. See, also, in support of this same view, *Anderson* v. *Drake*, 14 Johns. 114, and *Pierce* v. *Whitney*, 29 Me., 188. Mr. Parsons seems to think that such evidence is admissible. 1 Pars. on Notes and Bills, 424.

It becomes unnecessary for us to decide the question in this case, because, even if such proof is competent, it becomes quite immaterial, since the defendant did not offer to prove that the money was set apart, or left at the bank, for the payment of this note. It was his duty to so leave the money at the bank, as that, in case of demand, it could be applied to the payment of the note. The failure of the plaintiff to demand payment there did not excuse the defendant from providing for its payment. The fact that the defendant was able to pay merely will not relieve him from liability for costs and interest; he must have been ready to pay, and it was held in one case that he must show his readiness by paying the money into court. *Caldwell* v. *Cassidy*, 8 Cow. 271; see, also, *Games* v. *Manning*, 2 G. Greene, 251; and the cases cited in note (*a*), in 1 Pars. on Notes and Bills, 309.

II. There was, on the trial, evidence introduced tending to show that the plaintiff had acknowledged, or treated the note as paid in full by the indorsements made upon it, which were admitted to be all the payments that had been made. The defendant asked the court to charge the jury, "that if they were satisfied from the evidence that plaintiff accepted and treated, and acknowledged said payments as and for full satisfaction of said note, interest as well as principal, he

2. PAYMENT: of smaller sum than due.

could not afterward maintain an action for interest from date of said note, on the ground that it was not fully paid the day it fell due." This the court refused. The refusal was right. An express agreement, even to accept a smaller sum for a greater, legally due, will not, without more, bar a recovery for the balance.

III. The court refused to hear the defendant argue his motion for a new trial. The refusal may have been error; but, if so, it was error without prejudice, since the court decided correctly. We cannot reverse a judgment, except for error which works prejudice to the party complaining.

Affirmed.