RUDDLEEDIN v. SMITH.

**Judgment:** ASSIGNMENT OF: REDEMPTION UNDER. A judgment appeared on the record to be paid only in part. An assignee thereof claimed the right thereunder to redeem from a sale of real estate under a prior judgment. *Held*, that it might be shown that the assigned judgment was satisfied in full before assignment, and thereby defeat the assignee's right of redemption.

| 36 | 669 |
| 86 | 177 |
| 36 | 669¹ |
| 122 | 523 |
| 6122 | 524 |

*Appeal from Jones District Court.*

THURSDAY, JUNE 19.

SUIT in equity to compel the defendant, who is sheriff, to make a deed of certain real estate sold by him under execution, the title to which the plaintiff claims by reason of being a judgment creditor of the execution defendant who had redeemed from the sale. One Ellis B. Bailey, by petition, intervened and denied that plaintiff was a judgment creditor, and claimed title in himself. On the trial, the main question was one of fact, to-wit: was the plaintiff a judgment creditor? The district court found for defendant and adjudged accordingly.

The plaintiff appeals.

*J. H. Peters* for the appellants.

*House & Heath* and *George Watson* for the appellee.

COLE, J. — The plaintiff claims the sheriff's deed because he was the owner of an unpaid balance of a judgment recovered by Jewett, Tibbetts & Co. against Bailey, and as such owner had redeemed the land in controversy from a sale under a prior judgment. The defendant and the intervenor assert that the whole judgment, though upon the record it appeared to be only paid in part, was satisfied in full before it was assigned to plaintiff, and that he had knowledge of that fact. We are satisfied, as was the district court, that the judgment was fully discharged, and that the plaintiff knew it before he obtained an assignment of it. It is true that the amount realized by the judgment plaintiffs was less than half the amount of their judgment; but the defendant therein was insolvent, and the real property they had purchased under their execution sale was subject to a prior incumbrance. To be relieved from the necessity of advancing the amount of such prior incumbrance and to obtain a certain sum in money for their real estate of uncertain value, was a sufficient consideration for their agreement, which we are satisfied they made, to receive the less sum in full for both their title and judgment.          Affirmed.