## REA v. OWENS.

1. **Payment:** OF LESS SUM THAN DUE. Payment of a less sum than due will not work a satisfaction of the whole debt, though received as such, in the absence of any new or independent consideration.

2. **Promissory note:** PRESUMPTION AS TO TRANSFER. In the absence of evidence to the contrary, the transfer of a promissory note will be deemed to have been before maturity.

3. —— EVIDENCE. Evidence of the statements of the payee after the maturity of the note to the maker, that the note was in his possession, is secondary and not admissible to show that the transfer was after maturity.

*Appeal from Des Moines Circuit Court.*

FRIDAY, OCTOBER 10.

ACTION upon a promissory note indorsed by payee to plaintiff. Defense, that the note became the property of plaintiff after maturity; that defendant fully paid the note to payee while it was in his hands, and that upon payment of $50 thereon the payee agreed to receive the same in satisfaction of the note and cancel and destroy the same.

There was a verdict and judgment for defendant. Plaintiff appeals.

*B. J. Hall* and *Samuel K. Tracy* for the appellant.

*M. D. & H. O. Browning* for the appellee.

BECK, Ch. J. — I. There was evidence at the trial tending to support the defense pleaded to the effect that defendant had paid the payee of the note $50 in full satisfaction of the amount due thereon, and that the payee agreed to destroy the note, not having it present when the payment was made. Upon the trial the plaintiff asked the court to instruct the jury as follows:

"The acceptance by the payee of the note of a smaller sum than the face of the note calls for will not operate to satisfy

Reā v. Owens.

the note, unless there was some consideration outside of the note for such an agreement; and if payee took $50, saying he would take that sum for the whole amount due on the face of the note, it will not operate as a satisfaction for the balance due; in other words, accord and satisfaction will not come in by the payment of a smaller sum, where the greater sum is unsettled in the note."

The instruction was refused. It should have been given. It was early ruled by this court "that a payment made in money of a part of a debt does not operate to extinguish the whole debt, although it be received as payment in full, unless there is some consideration for the relinquishment of the portion due." *Sullivan et al.* v. *Finn*, 4 G. Greene, 544. We have not heard this rule questioned in this State. A different doctrine was announced in an instruction given by the court. The rulings, in regard to these instructions, are erroneous.

II. There was evidence tending to prove that when the payment of the $50 was made the payee of the note declared that he had the note in his trunk which was then in another town. This evidence was introduced to establish the possession of the note at the time in the payee. The plaintiff requested the court to give the following instruction as applicable to the evidence:

"In law, the note in question is presumed to have been transferred to plaintiff for a valuable consideration before maturity; and if the payee came to Owens at East Burlington, and said he had the note in his possession or trunk at Dallas, Illinois, that statement would not abolish or rebut this presumption."

This instruction was also refused. It is correct and ought to have been given to the jury. The evidence was secondary, giving the statements of a third party as to a fact material to the issue. It was not competent, and of course could not be considered to overcome the presumption that the note was transferred before maturity.

For these errors the judgment of the circuit court is
Reversed.