68  263
108  515

### PIKE v. BALDWIN ET AL.

1. **Power of Trustee**: MORTGAGE OF REAL ESTATE TO PAY DEBTS: DIVERSION OF FUNDS BY TRUSTEE: MORTGAGE NOT INVALIDATED. Where a trustee has power under his deed of trust to mortgage property for the payment of debts, and he executes a mortgage thereon, and diverts the money so raised to a purpose not contemplated by the terms defining his power, the mortgage is not invalidated by the act of the trustee, and neither the grantor nor his heirs can defeat the mortgage on that ground.

ADAMS, CH. J., *dissents*, on the ground that the trustee had no authority, under his deed, to make a mortgage for any purpose.

Compare *Waterman v. Baldwin, ante*, p. 255.

*Appeal from Howard Circuit Court.*

TUESDAY, FEBRUARY 26.

ACTION to foreclose a mortgage. The petition was dismissed and the plaintiff appeals.

*H. T. Reed*, for appellant.

*Davison & Lane*, for appellees.

SEEVERS, J.—The facts in this case are in all respects the same as in *Waterman v. Baldwin, ante*, 255, except as may be otherwise stated. The present mortgage was executed in consideration of money loaned to Ebenezer Baldwin, trustee, and the mortgage was executed under the trust deed or conveyance referred to in the cited case. In that case the money borrowed was applied to the payment of an indebtedness of Cyrus Baldwin; this in the present case, at least as to a portion of the money borrowed, is a controverted question. The defendants contend that a portion of the money was expended in the payment of an indebtedness created by the trustee in the erection of a house on a portion of the premises included in the trust deed. There is evidence tending to show that the house was erected for Cyrus Baldwin as a home in which he could live: but, as

the property was conveyed to the trustee for the purpose of paying debts, it is difficult to see how such an appropriation of the trust estate, or the proceeds thereof, can be upheld, except for the reason hereafter stated. Clearly it could not, as against existing creditors, nor can it be as against Cyrus Baldwin, unless he acquiesced therein. In such case the doctrine of estoppel might apply. But we are unable to find from the evidence that Cyrus Baldwin had knowledge of the erection of the house. We have held in the *Waterman Case* that the power to execute a mortgage existed, and it is apparent, we think, that the legal title to the real estate was vested in the trustee for the purpose of raising funds to pay debts, and that thereby a charge thereon was created which could be enforced by creditors, although the trustee should refuse to execute the trust. Under such a power, a purchaser of the trustee, in the absence of fraud, would obtain a good and perfect title, although the trustee should fail to apply the money received to the purpose of the trust. As the power authorized the execution of a mortgage, the same rule as to the application of the money borrowed must obtain. There cannot be any difference in this respect between a purchaser and mortgagee. The trust provided that the estate, or the proceeds thereof, should be applied to the payment of debts generally. It was impossible, therefore, for a purchaser or mortgagee to have or obtain knowledge of such debts; but the trust made it the duty, and in this respect confidence was reposed in the trustee, to pay the debts contemplated when the power was created. In such case, no duty is or can be cast on the purchaser or mortgagee to see that the money was so applied, and whether it was or not in no manner affects his title. Perry, Trusts, § 795, and authorities cited. That this rule must obtain as between the parties to this action, who are the representatives of Cyrus and Elizabeth Baldwin, we have no doubt. It follows that the judgment of the circuit court must be

REVERSED.

ADAMS, CH. J., *dissenting.*