## The City of Burlington v. Palmer.

1. **Cities and Towns: PAVED STREET TORN UP IN CONSTRUCTING SEWER: COST OF REPAIRING.** Where a street has been paved at the expense of the owners of abutting property, (Code, § 466,) and the pavement has been torn up in the construction of a sewer, it cannot be repaved at the expense of the abutting property owners, but restoring the pavement must be accounted as part of the work of constructing the sewer, and the expense thereof must be paid out of the general fund of the city. (Code, § 465.)

2. ———: **ACTION TO COLLECT SPECIAL TAX: NO COUNTER-CLAIM ALLOWED.** The defendant in an action brought by a city to collect a special tax cannot set up a counter-claim against the city; for the effect of a recovery on such counter-claim would be to divert the tax from its special purpose, which the law will not permit.

*Appeal from Des Moines Circuit Court.*

Tuesday, December 15.

ACTION to recover a special tax assessed for macadamizing a street. There was a judgment in the circuit court for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*Hedge & Blythe, Newman & Blake* and *J. C. Powers,* for appellant.

*A. M. Antrobus* and *J. J. Seerley,* for appellee.

Beck. Ch. J.—I. The facts disclosed by the pleadings and evidence upon which plaintiff bases its right to recover in this action are these: The city, for the purpose of changing the course of a creek crossing Valley street, caused a double sewer to be constructed from the creek down that street to the river, thus conducting the water of the creek to the river through the sewer. Valley street, before the work was commenced, was in good condition, having been before well macadamized. In order to construct the sewer, it

became necessary to take up the macadamizing of the street, except the parts adjacent to the pavements and gutters, of the width of about six feet. After the completion of the sewers, the city proceeded to again macadamize the street. But, a different plan for the work being adopted, it became necessary, in order to carry it out, to take up the strips of old work not before removed. There was therefore a wholly new macadam pavement constructed upon all the parts of the street along which the sewer was built. A levy of a special tax upon the abutting property to pay for the cost of the new macadamizing was made by the unanimous vote of the city council. See Code, § 466. To collect this tax the action before us was brought. The defendant pleaded a counterclaim for injury sustained by reason of the negligent and improper prosecution of the work. A demurrer to this defense was sustained. The defendant insisted in the court below that plaintiff is not authorized by the statute to make a special assessment upon the abutting property to pay for the work; that it was the duty of the city to restore the street to as good condition as it was before the work commenced, paying therefor, out of the general revenue of the city, the cost thereof, being a part of the expense of constructing the sewer, which is by law paid out of the general revenue of the city. Code, § 465. The question presented by this position of defendant was raised by a demurrer to plaintiff's reply to defendant's answer. It was and is a controlling question in the case.

II.   It will be observed that two questions are in the case, which, stated in logical order, are as follows: (1) Has the city authority to levy an assessment upon abutting lots to replace good and sufficient macadamizing removed and destroyed by it in constructing the sewer, the new macadamizing being of a character different from the old work? (2) May the defendant, in an action for the recovery of a special assessment for the improvement of a street, plead a counterclaim?

III.  Code, § 465, declares that cities and towns "shall have power to provide for the grading and repairs of any **1. CITIES and towns : paved street torn up in constructing sewer: cost of repairing.** street, avenue or alley, and the construction of sewers, and shall defray the expenses of the same out of the general funds of such city or town." Section 466 declares that these municipalities "shall have power to construct sidewalks, curb, pave, gravel, macadamize and gutter any highway or alley therein, and to levy a special tax on the lots and parcels of land fronting on such highway or alley, to pay the expenses of such improvement." It is plain that the macadamizing for which the assessment in question is made was not done for the repair of the street.  Its expense, therefore, could not have been paid out of the general funds of the city on the ground that the work was done for repairs.  But section 465 provides that all expenses of the construction of sewers shall be paid out of the general funds.  It appears to us that the cost of macadamizing to take the place of the works destroyed in building the sewer pertains to the expense of the sewer.  The city surely could not for any purpose destroy and remove the macadamizing of the street, and escape from the obligation of restoring it.  If, in making a sewer, it becomes necessary to do so, the city should restore the street to its prior condition, and it is plain that the cost of such restoration is a part of the expense of making the sewer.  No obligation under section 466 rests upon the owners of abutting property to pay for such restoration, which is a very different thing from the new macadamizing upon streets not before improved in that way. The owners of abutting lots may be charged with the cost of macadamizing streets, but the statute does not provide that this burden shall be repeated whenever the city may destroy the work done for the improvement of the street.  These conclusions are not only in harmony with reason, but reach just results.

IV.  The other question in the case involves the right of defendant to set up a counter-claim in an action brought by a

2. ——: action to collect special tax: no counter-claim allowed. city to recover a special tax. In our opinion, it cannot be done. The tax is levied in the exercise of governmental authority conferred by the state upon the city, and is to be expended for special purpose demanded by the wants of the public. Surely the tax-payer has no right to divert the revenue raised by the tax to purposes other than those for which it was levied. Did he possess such authority, the public would be deprived of benefits which municipal governments are intended to promote. If a tax levied to macadamize a street may be diverted to the liquidation of damages sustained by the tax-payer by reason of the negligent performance of the work, it is plain that the revenue might be appropriated to a purpose other than that prescribed by law. But this the courts will not permit. The tax is set apart for the improvement,—it cannot be disbursed for other purposes. Defendant's claim for damages is to be paid out of the general fund of the city. If he may plead it as a counter-claim, the special fund would be devoted to general purposes. This the law will not permit. We conclude, therefore, that, in an action of this character, a counter-claim cannot be pleaded. This conclusion is supported by these authorities: *Whiting v. City of Boston*, 106 Mass., 89; *Himmelmann v. Spanagel*, 39 Cal., 389; Cooley, Tax'n, 13; Dill, Mun. Corp., § 810.

V. It will be observed that under our ruling the tax involved in this case cannot be recovered. This is not inconsistent with our conclusion that a counter-claim cannot be pleaded in the action. We hold that such a defense cannot be set up to an action to collect a special tax. Though no recovery of the tax may be had, yet the counter-claim cannot be pleaded, for the reason that the law does not permit such a defense in actions or proceedings to enforce the collection of taxes. The judgment of the circuit court is reversed, and the cause is remanded for a judgment in harmony with this opinion.

REVERSED.