## ELDRED V. PETERSON.

1. **Promissory Note:** DISCHARGE OF JOINT MAKER BY PART PAYMENT. Defendant was one of two joint makers of a note to plaintiff. At its maturity he paid nearly one-half of the principal to plaintiff's son,—plaintiff being absent,—and requested the son to indorse the amount paid and to erase his name from the note, which was done. *Held* that, since defendant was liable for the whole note, the erasure of his name, regarded as an agreement to discharge him from further liability (conceding that the son acted with authority from his father), was without consideration, and that defendant was still liable for the unpaid balance. (See opinion for citations.)

2. ———: ———: ERASURE OF SIGNATURE: EFFECT. The erasure of defendant's signature in such case did not destroy the validity of the note as against defendant.

3. ———: ———: ———: ESTOPPEL. Since the erasure in such case would not have discharged defendant had it been made by plaintiff himself, he was not estopped by his failure to inform defendant that he repudiated the erasure, nor by the fact that defendant, relying upon his supposed discharge, failed to secure himself against the default of his comaker, who subsequently became insolvent.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

FILED, MAY 24, 1890.

ACTION upon a promissory note. The cause was tried by a jury. Upon direction of the court, a verdict was had for plaintiff, and judgment rendered thereon. Defendant appeals.

*W. I. Chamberlain* and *J. W. Jamison*, for appellant.

*N. W. Hutchins* and *Sheean & McCarn*, for appellee.

BECK, J.—I. The note in suit was executed by defendant and another, jointly, for property purchased by them of plaintiff. The defendant, soon after the maturity of the note, paid nearly one-half of the principal, under the following circumstances: He went to the house of plaintiff, and, not finding him at home, made the payment to plaintiff's son, a minor, who at the time was in bad health. He requested the son to indorse the amount, "Paid," and to take his name off the note, that is, to erase his signature, which was done. The son had no authority to make the erasure, and had never done business for his father. Upon the return of the father, the son gave him the money paid by defendant. He never informed defendant that he did not approve the son's act of erasing the signature to the note.

*1. PROMISSORY note: discharge of joint maker by part payment.*

II. The defendant was a joint maker of the note, and as such was liable for the amount thereof. It is not claimed that he paid more than a part of the debt. We may assume that the plaintiff's son accepted the part in full payment, and that he had authority to do so. It is not pretended there was any consideration paid by defendant for the discharge of the whole debt upon payment of a part. A payment of a part of a debt in discharge of the whole debt, upon a promise of the creditor to receive a part in full satisfaction of the debt, without consideration, will not discharge the debt. *Works v. Hershey*, 35 Iowa, 340; *Rea v. Owens*, 37 Iowa, 262; *Sullivan v. Finn*, 4 G. Greene, 544; *Byran v. Brazil*, 52 Iowa, 350.

III. The erasure of defendant's name was done to evidence the discharge of the note upon a part payment. The erasure was not intended as a discharge of the note. The part payment was intended to have that effect. The erasure failed in the purpose for which it was done. It therefore stands for naught. There was no discharge of the note, and it must be regarded as valid and binding. It cannot be

*2. ——: ——: erasure of signature: effect.*

Eldred v. Peterson.

claimed that the accidental erasure of the name of the maker of the note will discharge it. It would have no such effect, for the reason that there was no purpose to discharge the note. The note would be just as valid, between the parties, with the erasure, as though it had not been made. So, as the erasure, because there was no consideration for the discharge of the note, has no effect, the note continues valid between the parties.

IV. For another reason the erasure of defendant's name is of no effect. It was made without authority of plaintiff, and is therefore a void act.

V. It is said that plaintiff, by his failure to inform the defendant that he repudiated the erasure, and the subsequent insolvency of defend-

3. ——: ——:
——: estoppel. ant's comaker of the note, is estopped now to deny that it was done by his authority. There is more than one answer to this position. We have seen that, as the attempted discharge of the debt and note for a payment of a part due, without consideration, would not have bound plaintiff had he made the erasure himself, he could treat the erasure and agreement to discharge the debt as void acts without advising defendant thereof. So, as the erasure was made without his assent, he surely can treat it as utterly void. He was, therefore, not required to advise defendant of his repudiation of the void act in erasing the signature to the note.

VI. Defendant insists that, by relying upon the erasure of the note, he failed to secure himself against the default of his comaker, whose subse-

The same. quent insolvency puts it out of defendant's power to enforce payment from the comaker. The erasure was a matter which originated with defendant, and was done at his request. He is presumed to have known the law, and, therefore, had no warrant in relying upon the discharge of the note by part payment, in the absence of any consideration supporting the transaction.

It is our opinion that the district court rightly directed a verdict for the plaintiff. The judgment, therefore, is                                      AFFIRMED.