W. H. STOUTENBERG, Appellant, v. J. HUISMAN AND O.
J. ACKERMAN.

93  213
114  465
93  213
o122  523

93  213
139  588

**Release:** JOINT JUDGMENT.    A judgment for five hundred dollars is
recorded against two insolvents, for a malicious prosecution. The
plaintiff releases one upon payment of thirty dollars, stipulating
that the other shall not be released.    Later, he levies upon prop-
erty which he asserts belongs to the second judgment defendant.
The latter's wife claims ownership, and plaintiff furnishes an
indemnity bond.    The second defendant upon payment of seventy-
five dollars, obtained a release of that judgment, stipulating that
the first defendant should not be released.    In the same transac-
tion the levy proceedings were settled, and the levy dismissed.
*Held*, payment of part of a judgment is not consideration for a
release of the balance, but that, here, the settlement of the levy
proceedings upheld the release, and no execution should be
awarded upon the judgment.

*Appeal from    Hardin    District    Court.*—HON.   J.   L.
STEVENS, Judge.

WEDNESDAY, JANUARY 16, 1895.

This is a suit in equity to set aside a written satis-
faction and settlement of a judgment, and to award

execution on the judgment. There was a decree for the defendants, and plaintiff appeals.— *Affirmed.*

*J. H. Scales* for appellant.

*Huff & Ward* for appellees.

Rothrock, J.—I.   On the ninth day of October, 1878, the plaintiff recovered a judgment in the District Court of Hardin county against the defendants, Huisman and O. J. Ackerman, for the sum of five hundred dollars, in an action for malicious prosecution.   J. H. Scales was attorney for the plaintiff in that suit, and on the twenty-second day of October, 1878, Stoutenberg assigned the judgment to Scales by a written assignment, which was in these words: "In the District Court, October Term, 1878.   Wm. Stoutenberg v. Ackerman, Huisman.   Assignment of Judgment.   For value received I hereby assign to J. H. Scales all my right, title, and interest in and to the judgment rendered in the above entitled cause.   W. H. Stoutenberg. Filed with clerk, Oct. 22, 1878."   After this assignment was made and filed, and while Scales was assignee of the judgment, he made the following settlement and release of the same:  "W. H. Stoutenberg v. J. Huisman, O. J. Ackerman.   Settlement of Judgment.   In consideration of the sum of seventy-five dollars ($75.00) in hand paid by J. Huisman, I hereby release said judgment in full as to J. Huisman, provided that in no event shall this release have the effect to release the judgment against O. J. Ackerman, one of the defendants in the above cause.   All costs to be paid by J. Huisman.   J. H. Scales, Assignee of the Above Judgment."   Before the above release of the judgment was made, Scales received thirty dollars from Ackerman, and executed to him a release of the judgment, which provided that said release should not

affect the judgment as against Huisman. So far as shown from the face of the record of the case of Stoutenberg v. Ackerman and Huisman, the judgment appeared to be fully discharged, and it so remained until the commencement of the action in 1890. The present action was commenced by Scales, as attorney for Stoutenberg, and the averment was made in the petition that the assignment of the judgment to Scales "was duly executed and filed of record as collateral to secure an indebtedness due from plaintiff to Scales." This averment was no doubt made to show Stoutenberg to be the real party in interest in this case. It is not claimed, however, in his behalf, that the rights of the parties are any different than they would be if Scales were plaintiff in this action. When these settlements were made, the defendants supposed they were dealing with the owner of the judgment. Scales, in his capacity of witness in this case, testified that when he settled with the agent of Huisman "nothing was said about the ownership of the judgment at that time, but my recollection is that he took it for granted it was my judgment, and I acted upon it at that time as if it was my judgment, and nothing was said about who was the owner of it." There is no claim that Scales was made the victim of the wiles, intrigues, and fraud of the defendant, by which he was induced to make the settlements. On the contrary, he testified that he told the agent of Huisman, when the settlement was made, that he would insist on the payment of the judgment, even if he executed the release. This statement, however, is directly contradicted by the agent of Huisman, who made the settlement. If we consider this a material fact, the clear preponderance of the evidence is with the defendants, because by the settlement signed by Scales, the judgment purported to be released in full.

II.   The ground upon which it is urged that there should have been a decree for the plaintiff is that the releases are mere receipts in part payment of the judgment, and do not operate as satisfaction of the judgment, because there was no consideration for the release of the part which was not paid.   This is but the announcement of a fundamental doctrine, which is founded on the principle that there is no consideration for the discharge or release of the balance of the debt. See *Myers v. Byington*, 34 Iowa, 205; *Works v. Hershey*, 35 Iowa, 340; *Rea v. Owens*, 37 Iowa, 262; *Bryan v. Brazil*, 52 Iowa, 350, 3 N. W. Rep. 117; *Early v. Burt*, 68 Iowa, 716, 28 N. W. Rep. 35; *Eldred v. Peterson*, 80 Iowa, 264, 45 N. W. Rep. 755; and other cases cited in McClain's Digest.   The contention of the defendants is that there was a consideration for the releases of the judgment.   The learned district judge who heard the case, in his decision and decree, disposed of the question of a consideration for the releases as follows:   "The evidence shows that when the release to Huisman was given, September 13, 1889, execution had been issued on said judgment, and levied upon the property of Huisman's wife, and that she had given the sheriff notice of her claim, and the assignee of the judgment had given an indemnity bond to the sheriff. The judgment was assigned to J. H. Scales, October 27, 1878.   The release to Ackerman had been given in April, 1886.   The defendant Huisman was insolvent. There is no doubt in my mind that when the seventy-five dollars was paid by Huisman he believed by so doing he had settled and compromised the judgment as against himself, and procured the release of his wife's property.   It would seem, from the evidence, that the principal inducement he had for paying the seventy-five dollars was to procure such release.   The agreement that his codefendant should not be released

will not bind the codefendant. It was inserted for the benefit of the creditor if for anything. Can it have the effect to prevent the discharge of Huisman? I think not. It simply shows that, so far as the assignee was concerned, he did not intend the release to affect Ackerman, but he had in fact already released Ackerman, and in that release he had inserted a similar proviso with respect to Huisman. The release of Huisman was voluntarily made, for a consideration, without fraud or mistake; for it is fair to assume, under the evidence, that it was a benefit to the assignee to settle the suit with Mrs. Huisman. If it was a benefit, there was a consideration for relinquishing the portion due. The agreement to settle the dispute as to the ownership of the property levied upon, and the agreement to release the defendant from such judgment, were a part of the same transaction. Both parties desired to avoid litigation. The settlement avoided litigation, settled the dispute, canceled the judgment, and secured the payment of seventy-five dollars from an insolvent debtor. The writing signed by the assignee of the judgment is only a part of the transaction, namely, the release of the defendant Huisman in full from the judgment. The release of the levy followed. The dispute as to the property was settled, and suit avoided, and the assignee received seventy-five dollars. Under these circumstances, I think there was a good, valid, and valuable consideration for the relinquishment of a portion of the debt unpaid; for any material cause or inducement which moves a party to enter into a contract is the consideration." We think the findings and reasoning of the court are correct. The release of the property levied upon was a settlement of said suit, and avoided litigation. It is true the suit as to the ownership of the property levied upon was between plaintiff and Huisman's wife, but

we think the ownership of the property involved, and the relation of husband and wife, in connection with the admitted insolvency and worthlessness of both the defendants, were sufficient to constitute a valid accord and satisfaction. The decree of the District Court is *affirmed*.