H. ENGBRETSON, Appellant, v. J. F. SEIBERLING et al.

**Acceptance of Part Payment:** CONSIDERATION: INSOLVENCY. Acceptance from an insolvent debtor of less than the amount of a judgment in full satisfaction thereof is founded upon such a consideration that the whole debt is thereby discharged.

*Appeal from Winneshiek District Court.*—HON. L. E. FELLOWS, Judge.

MONDAY, FEBRUARY 1, 1904.

ACTION to enjoin the enforcement of an execution held by W. H. Carter, assignee of J. F. Seiberling & Co., on the ground that the judgment on which the execution issued had been fully satisfied. On the trial plaintiff's petition was dismissed for want of equity, and judgment rendered for defendants, from which plaintiff appeals.—*Reversed.*

*E. P. Johnson* for appellant.

*E. W. Cutting* for appellees.

McCLAIN, J.—It appears from the allegations of plaintiff's petition, which are in accordance with the evidence introduced on the trial, that J. F. Seiberling & Co., being the owners of a judgment recovered by them against this plaintiff for $256, accepted from such judgment debtor the sum of $65 in cash and his promissory note for $25, in full satisfaction of said judgment. J. F. Seiberling & Co. subsequently assigned the judgment to W. H. Carter, who caused execution to issue thereon. It is further averred and proved that at the time the agreement was made to accept the partial payment in full satisfaction Engbretson was insolvent. The sole question for our consideration is whether the acceptance

from an insolvent debtor of part payment in full satisfaction of a claim is founded upon such consideration that the entire debt is thereby discharged. The general rule that an agreement to accept part payment in full satisfaction is invalid for want of consideration, and the usual exceptions to that rule, have been often considered by this court, and a general citation of authorities on the subject is unnecessary. See *Marshall v. Bullard,* 114 Iowa, 462; *Larned v. Dubuque,* 86 Iowa, 166; *Stroutenberg v. Huisman,* 93 Iowa, 213; *Ruddleedin v. Smith,* 36 Iowa, 669. But in none of these cases, nor in any others decided in this state, do we find an express exception, such as that insisted upon by the plaintiff in this case. We do, however, find suggestions in each of those cases indicating the existence of the thought that perhaps such an exception should be made in a proper case. In *Marshall v. Bullard* it is said: "If, however, such an agreement is supported by any new consideration, though insignificant or technical merely, if valuable, it will be upheld. Thus, if a part is to be and is paid before due, or at a place other than that at which the obligor was legally required to pay, or a payment is made in property, no matter what its value, or by the debtor in composition with his creditors generally, in which they agree to accept less than their demands, the consideration is held to be sufficient." And it was decided in that case that if the debtor, having no other way of obtaining the money which he was to pay in satisfaction of the debt, induced another to pay it for him, the acceptance of a less sum than the full amount of the debt thus procured to be paid by another would support an agreement to discharge the entire debt. In *Larned v. Dubuque* the court adverted to the fact that the defendant, relying on part payment in satisfaction of the entire indebtedness, might, in one sense at least, be said to have been an insolvent debtor, and the court in that case says that an agreement to accept part payment in full satisfaction of a judgment, if fully executed, is valid as a discharge of the entire judgment. And in *Stroutenberg v. Huisman* it is said, as a reason for sustaining the full re-

lease of a judgment on part payment, that "the settlement avoided litigation, settled the dispute, canceled the judgment, and secured the payment of $75 from the insolvent debtor." In *Ruddleedin v. Smith* this language is used: "It is true that the amount realized by the judgment plaintiffs was less than half the amount of their judgment, but the defendant therein was insolvent, and the real property they had purchased under their execution sale was subject to a prior incumbrance."

It cannot be claimed that these cases are by any means conclusive upon us in the determination of the question now for the first time squarely and clearly presented, but they certainly indicate a predisposition to regard the insolvency of the debtor as a matter which might be considered in determining the validity of an agreement to accept part payment in full discharge. There is some support for such a proposition in the decisions of other courts. In *Curtiss v. Martin,* 20 Ill. 557, the court, after stating the general rule, says (at page 577): "But if a smaller sum be taken by way of a compromise of a controverted claim, or from a debtor in failing circumstances, in full discharge of the debt, no reason is perceived why it should not be binding on the parties." In *Dawson v. Beall,* 68 Ga. 328, it is held that an agreement by a debtor not to go into bankruptcy, and thereby be discharged from the payment of the debt, furnishes a sufficient consideration to support a contract by the debtor to take less than the full amount thereof, and substantially the same conclusion is reached in *Hinckley v. Arey,* 27 Me. 362. So, in *Peltigrew Machine Co. v. Harmon,* 45 Ark. 290, it was held that part payment by an assignee for the benefit of creditors, accepted in full satisfaction, was binding. In *Rice v. London & N. W. American Mortgage Co.,* 70 Minn. 77 (72 N. W. Rep. 826), it was held that acceptance from the administrator of an estate of part payment in full satisfaction of a claim against the estate was binding, although it subsequently appeared that the estate was not insolvent. The only case which we have been able to find to the contrary is that

of *Pearson v. Thomason,* 15 Ala. 700 (50 Am. Dec. 159), in which the court squarely holds that the fact of the debtor's insolvency can have no influence in determining whether the agreement of the creditor to accept a less sum than the entire debt in full satisfaction is without consideration; for it is said, whether the debtor is insolvent or not, the obligation to pay is not impaired, and the moral duty to make payment remains in full force. In view of the fact that, as indicated by the prior decisions on the question in this state, the rule that an agreement to accept part payment in full satisfaction is without consideration is purely technical, and subject to many exceptions which the courts have ingrafted upon it from time to time in order to avoid to some extent the injustice which is recognized as frequently resulting from its strict application, we are led to adopt as valid and reasonable the exception which has been hinted at or suggested, rather than authoritatively announced, in the cases already cited. Our conclusion is, therefore, that plaintiff in this case had a good defense to the enforcement of the judgment against him, and that his action to enjoin the further enforcement of the judgment should not have been dismissed as being without equity.—REVERSED.