CAN IAN FISH COMPANY, APPELLEE, V. WILLIAM H.
MCSHANE, APPELLANT.

FILED JANUARY 9, 1908.   No. 15,048.

1. **Evidence** examined, and found sufficient to sustain the decision of
the district court.

2. **Accord and Satisfaction.** Where a debtor remits by mail a sum
less than the amount due, but which he in good faith believes to
be all that is due or claimed by the creditor, the fact that he
marks the check upon the margin "In full to date," or in the ac-
count which he renders describes it as "Check to balance in full,"
does not constitute it a payment made in settlement of a disputed
claim, and the acceptance of such check by the creditor is not
an accord and satisfaction.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE. *Affirmed.*

*T. F. A. Williams,* for appellant.

*Tibbets & Anderson, contra.*

CALKINS, C.

The plaintiff was a dealer in fish at Minneapolis, and
the defendant a commission merchant in Lincoln. In
February, 1902, the plaintiff's manager, being in Lincoln,
made an oral agreement with defendant to handle frozen
fish. It is agreed that the fish were to be invoiced at cer-
tain stipulated prices; but the defendant insists that they
were to be consigned to him upon commission, he to have
the difference between the invoice price and the amount
for which he should sell the same. The plaintiff contends
that the defendant agreed to purchase the same outright,
and that it gave to him the privilege of returning any
excess of stock he might have on hand at the close of the
season. The plaintiff made two shipments of frozen fish,
one February 18, and the other on March 3, of about
4,800 pounds, which amounted at the invoice price to the

sum of $276.09. For some time prior to June 5 the plaintiff had been pressing the defendant for a remittance; and on the latter date the defendant wrote a letter in the words and figures following: "Lincoln, Neb. 6-5-02. Canadian Fish Co., Minneapolis, Minn. Gentlemen: Inclosed find my check for $54.47 to cover consignment of fish from you of Feb. 18th and March 3d, as per account sales. This did not prove to be a good investment for either you or myself, as you will notice. I did not get near enough to pay for my freezer, which I had to build for this deal, to say nothing of the expense of handling the goods. In the first place you sent me too much fish the first time, so we could not possibly get rid of it before the fresh stock came on the market and killed the frozen fish trade. The second lot you sent was in bad shape when it arrived, as I told you once before, or we might have gotten rid of more of the trout. At the last, I consigned a good many shipments to get all I possibly could out of them, and in most all of the cases I was out the express charges both ways, as the parties would send them back. I am sorry to be compelled to send in any such report, but will simply state that I did the very best I could with the goods. Kindly acknowledge receipt of the check at once to cover and oblige. Yours truly, W. H. McShane." The account of sales which was inclosed in this letter showed the sale of about 1,084 pounds of fish, amounting to $90.75, from which was deducted for commission and freight the sum of $36.28, leaving a remainder of $54.47. For the latter amount a check was inclosed, which was described as "Check to balance in full." The check was received by plaintiff's bookkeeper, credited to defendant's account, and plaintiff's manager on June 9 wrote, protesting that the fish had been sold outright, and refusing to admit the defendant's construction of the contract. The defendant not replying to this letter, the plaintiff brought this action in the county court, from which it was taken to the district court, where, a jury being waived, it was tried to the court, who found for the plaintiff gen-

erally. From a judgment rendered on this finding for the full amount claimed, the defendant appeals.

1. There was a sharp conflict between the testimony of the plaintiff's manager and the defendant, as to whether the goods shipped were sold to the defendant or consigned to him to be sold upon commission. In the letters of the plaintiff's manager there occur certain expressions which are claimed to corroborate the defendant's theory of the transaction. On the other hand, the defendant's letters in some respects are consistent with the contract as claimed by the plaintiff. But there is nothing in the correspondence which can fairly be said to settle this dispute. After a careful reading of the evidence, we cannot say that the evidence is not sufficient to sustain the findings of the court, and therefore we conclude that his finding upon the facts should not be disturbed.

2. The defendant claims that the acceptance by the plaintiff of the check for $54.47, transmitted in his letter of June 5, was an accord and satisfaction. The check, as offered in evidence, contains the notation in the lower left hand corner: "In full to date." The bookkeeper who received the check testifies that these words were not upon the check when he received it; while the defendant testifies that they were written thereupon before forwarding the check. It is well settled that, where there is nothing more than simple payment and acceptance of a less sum of money in satisfaction of a greater sum due, this will not be sufficient to sustain a plea of accord and satisfaction. *McIntosh v. Johnson*, 51 Neb. 33; *Fitzgerald v. Fitzgerald & Mallory C. Co.*, 44 Neb. 463. To make the receipt of a part of the debt a discharge of the whole there must be a new consideration or a voluntary compromise of a disputable or disputed demand, by which each party yields something, or an accord and satisfaction by which a new contract is susbstituted. In this case there was no new consideration, and the contention of the defendant must be sustained, if at all, upon the theory that it was the compromise of a disputed claim. It is to be observed that there had been

no actual dispute between the parties up to the time of the sending of defendant's letter above quoted. Assuming that the defendant was sincere in his contention, and we must so assume to make the claim a disputable one, and that he was actually mistaken in such claim, and this was found by the district judge upon sufficient evidence, as we have seen, we must conclude that he did not know of any dispute between the plaintiff and himself; but that he inclosed the check for $54.47 in the letter of June 5, not as a compromise or settlement, but as full payment of an undisputed claim. The letter does not reveal any knowledge on the part of the defendant that the plaintiff was claiming the transaction to have been a sale. We have, therefore, presented the question whether, where a debtor remits by mail a sum less than the amount due, but which he in good faith believes to be all that is due or claimed by the creditor, the fact that he marks the check on the margin "In full to date," or in the account which he renders describes it as "chc : to balance in full," such payment is made in settlement of a disputed claim. We think the question must be answered in the negative. No intention to offer this payment as a compromise is apparent from the letter and its accompanying inclosure, and the plaintiff was not bound to so consider it. He was justified in treating it as the act of an honest debtor remitting less than was due, under a mistake as to the nature of the contract. In *Treat v. Price,* 47 Neb. 875, it is said: "When money is offered on condition that it be accepted in full satisfaction of a demand, the person receiving it, if he receives it at all, must take it subject to the condition named. His acceptance of the money under such a tender is an acceptance of the condition, notwithstanding any protest that he may afterwards make to the contrary." And in *Chicago, R. I. & P. R. Co. v. Buckstaff,* 65 Neb. 334, it was held that, "where there is a *bona fide* dispute between parties as to the amount due upon an account, and the debtor tenders a less amount than the claim in full settlement, which the creditor accepts, with

knowledge that it was tendered as a full settlement, the dispute will be a sufficient consideration to uphold the settlement, and will bar a recovery upon the remainder of the claim." It is urged by the defendant that these cases sustain the theory for which he is contending. There was no condition in the defendant's letter that the check, if accepted at all, must be accepted in full satisfaction of the plaintiff's demand; and there was no tender of it, as we have seen, in settlement of any dispute. The defendant does not, therefore, bring his case within the rule laid down in either of the above cases.

The judgment of the district court was right, and we recommend that it be affirmed.

FAWCETT and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.