CARTAN & JEFFREY, v. WM. TACKABERRY COMPANY, Appellant.

**Accord and satisfaction:** SET-OFF: PART PAYMENT.  Where a party concedes indebtedness to the full extent of a claim against him, he cannot set off against the same an alleged· indebtedness to ·him growing out of an entirely different matter, and upon payment of the balance, claim full settlement; but the creditor may retain the same and insist on payment of the balance.

**Brokers:** NEGLECT OF PRINCIPAL: DAMAGES.  Where one as a broker negotiated a contract for the sale of goods subject to approval of samples to be sent by the seller, which he failed to furnish, there was not a completed contract and the broker cannot recover damages for such failure.

*Appeal from Woodbury District Court.*— HON. WM. HUTCHINSON, Judge.

WEDNESDAY, OCTOBER 21, 1908.

ACTION to recover balance of account in the sum of $500. In connection with a general denial the defendant alleges the tender of and acceptance by plaintiffs of a sum in full settlement of the account, of which the $500 claimed formed a part, and also alleged by way of counterclaim an indebtedness of plaintiffs to defendants in the sum of $500 by way of damages. A demurrer to defendant's answer was sustained, and, on failure of defendant to plead further, judgment was rendered against it for the amount claimed. From this judgment the defendant appeals.— *Affirmed.*

*M. L. Sears,* for appellant.

*Shull, Farnsworth & Sammis,* for appellees.

McCLAIN, J.— From the pleadings and exhibits attached it appears that in February, 1907, plaintiffs, who were engaged in the wholesale brokerage and commission business at Sioux City, conducting their business at that place through an agent named Morgan, had a valid account against the defendant company, engaged in the wholesale grocery business at the same place, for merchandise furnished, which amounted, after the making of certain reductions which plaintiff consented to make, to $903.80, and were urging payment thereof. Defendant conceded the correctness of this account, but insisted that plaintiffs had damaged defendant in the extent of $500 by failing to take steps as brokers which would have enabled defendant to close a contract with E. C. Shriener & Co., of Baltimore, for the purchase of 1,000 cases of peaches at $1 per case; and, deducting this alleged damage from the amount due on account, defendant sent to plaintiff a check for $403.80, inclosing such check in a letter in which that amount was stated to be the full indebtedness of defendant to plaintiffs on their account. To this plaintiffs replied, acknowledging receipt of the check, but denying liability in the sum of $500, or any other sum,

by way of damages in connection with the Shriener transaction, and proposing arbitration, but insisting that, if no arrangement for arbitration or settlement could be made, they would bring suit for the remaining $500 as due on the account.

I. The claim that defendant paid and plaintiffs accepted $403.80, remitted by check, in full satisfaction of a disputed claim for $903.80, is easily disposed of. There was no dispute between the parties as to the indebtedness of defendant to plaintiffs in the full sum of $903.80 on the account. De-

1. Accord and satisfaction: setoff: part payment.

fendant insisted that plaintiffs owed defendant $500 by way of damages in a transaction having no relation to the account, and remitted the balance, which plaintiffs accepted, not in full satisfaction, but as part payment. Now, it may be true that where a debtor questions the validity of an account and remits a less amount than that claimed by way of compromise, and the creditor receives and retains the amount thus remitted, the latter precludes himself from making further claim under that account; but it is equally true that, where the debtor remits an amount less than the amount of an undisputed account, the creditor may retain the money and apply it on the account, and subsequently insist on the payment of the balance. Even though the creditor agrees to accept a sum less than the amount of an undisputed claim in full payment, and to release the balance, and does so receive the less amount agreed upon, his agreement to remit the balance is without consideration and invalid, unless there is some circumstance, such as the insolvency of the debtor, the giving of security, or other matter, rendering the arrangement presumably advantageous to the creditor to serve as a consideration for the release of the portion of the indebtedness not paid. *Engbretson v. Seiberling,* 122 Iowa, 522; *Stoutenberg v. Huisman,* 93 Iowa, 213; *Myers v. Byington,* 34 Iowa, 205; *Eldred v. Peterson,* 80 Iowa, 264; *Rea v. Owens,* 37 Iowa, 262; *Bender v. Been,*

78 Iowa, 283.   Where there is a controversy, and the debtor. claims to owe less than the amount paid, while the creditor claims more, the acceptance of a compromise sum is binding on both parties; but in the case before us there was no claim at any time on the part of defendant that it owed less than the amount paid.   It admitted, indeed, that it owed the entire claim, but sought to set. off the alleged indebtedness in another transaction.   Under these circumstances there is no authority whatever for saying that the acceptance of a portion of the account conceded to be due was a satisfaction of the balance of the account, which the defendant was seeking to offset by a claim of damages due in another transaction.

II.   The facts with reference to the counterclaim as they appear from the pleadings are that through plaintiffs, as brokers, the defendant negotiated a contract with the Shriener Company for the purchase of one 2. BROKERS: neg- thousand cases of peaches, "subject to aplect of princi- pal: damages. proval of sample," and that samples were sent by the Shriener Company to plaintiffs for defendant's inspection, which samples plaintiffs negligently failed to submit to defendant in consequence of which no binding contract was made between defendant and the Shriener Company.   The claim of defendant against plaintiffs on this account is that plaintiffs' failure to perform their duty as brokers to submit to defendant the samples in order that defendant might make a valid contract resulted in defendant's damage.   But it does not appear, even by allegation, that, had the samples been submitted to defendant, the defendant would have accepted them as sufficient and concluded the contract.   The only allegation in this respect is that " defendant knew nothing of the submission of samples, and was ready and willing at all times to confirm the sale and accept the goods as soon as the samples should arrive."   Manifestly the object of sending samples was to enable defendant to determine whether it should make a contract for such goods as should correspond to the samples furnished, and

without knowledge of the nature or character of the samples it could not and did not conclude any contract. Conceding that there was a breach of duty by plaintiffs in not submitting to defendant the samples received from the Shriener Company, it does not appear that any damage resulted; for it is impossible to know that any contract would have been made, had the samples been submitted. Under such circumstances, no right of action for the recovery of damages is made out. *Pennington v. Western U. Tel. Co.,* 67 Iowa, 631.

The demurrer to defendant's answer and counterclaim was properly sustained, and the judgment is *affirmed.*