MAY P. McKINNON, APPELLEE, V. WINFIELD S. HOLDEN, APPELLANT.

FILED NOVEMBER 19, 1909. No. 15,817.

1. Appeal: NEW ISSUES. A prayer for judgment in the district court for a less sum than was demanded by plaintiff in the county court, where the action originated, does not constitute a variance, or amount to a change of issue; and, where the defendant on appeal sets forth in his answer other defenses than those presented by him in the county court, he will not be permitted to assail plaintiff's reply to such new defenses as creating new and different issues from those tried in the court below.

2. Accord and Satisfaction. A check for a less amount than the contract price of a certain lot of corn sold and, delivered was sent by the debtor to the creditor without any condition as to its acceptance. It was accompanied by a statement in the nature of a set-off which, if allowed, would balance the account. The check was accepted, deposited with a bank for collection, and suit was brought by the creditor against the debtor to recover the price of the corn on the same day the check was received. Held, That the acceptance of the check was not a bar to an action to recover the balance of the debt, and did not constitute an accord and satisfaction.

3. ——: BURDEN OF PROOF: DIRECTING VERDICT. The defendant has the burden of proof to maintain the defense of accord and satisfaction; and, if he fails to establish all of the facts necessary to constitute such a defense, it is proper for the court to direct the jury to return a verdict for the plaintiff.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. Affirmed.

Greene & Greene, for appellant.

T. F. A. Williams and M. M. Starr, contra.

BARNES, J.

This was an action to recover the purchase price of a certain lot of corn alleged to have been sold and delivered by plaintiff to defendant. It appears that at the conclusion of the evidence in the district court the jury were directed to return a verdict for the plaintiff. Judgment was entered on the verdict, and the defendant has brought the case here by appeal.

Two principal grounds are urged for a reversal of the judgment, which are: (1) The court erred in overruling defendant's motion to strike the plaintiff's petition from the files because of a variance or change of issues from those tried in the county court; (2) the court erred in directing the jury to return a verdict for the plaintiff. These contentions will be considered in the order of their presentation.

1. The record discloses that the action was commenced in the county court of Lancaster county, where the plaintiff prayed judgment for $773.30 with interest from April 12, 1906, for corn sold and delivered by plaintiff to defendant at that date. The defendant by his answer denied that he ever had any business transaction of any kind with the plaintiff, and alleged that he purchased the corn in question from J. T. McKinnon, the plaintiff's husband, to whom full payment had been made. The reply was a general denial. A trial resulted in a judgment for the defendant, and the plaintiff appealed. In the district court plaintiff set forth the same cause of action in her petition, and alleged that she had, since the commencement of the action, collected a part of the amount sued for, and demanded judgment for only $389.-75. For this defendant moved to strike the plaintiff's petition from the files. His motion was overruled, and this ruling is assigned as error. This assignment does not seem to merit our serious consideration. The petition sets forth the identical cause of action sued on in the county court, and the defendant has no reason to com-

plain because the amount for which judgment was demanded in the district court was less than the sum prayed for in the court below. Therefore there was no variance of which the defendant could complain. After his motion was overruled defendant filed an answer which contained the defense pleaded in the county court, a plea of accord and satisfaction, and other new matter by way of an estoppel. To this answer plaintiff replied by a general denial, and an allegation that J. T. McKinnon, in the sale of the corn, acted as the agent of the plaintiff, as the defendant well knew. It thus appears that the defendant was responsible for the introduction of the new issues, if any such there were, and of course is in no position to complain of the result of his own departure.

2. The evidence discloses that plaintiff was the owner of a farm situated a short distance from the village of Burr in Otoe county, Nebraska, which was rented to one Phelps for a part of the crop; that plaintiff's share of the corn raised thereon was 2,090 bushels; that defendant, a short time before this action was commenced, called J. T. McKinnon, who it appears transacted all of the plaintiff's business, by telephone at their home in Lincoln, and in a conversation then had with him purchased the corn in question at an agreed price per bushel, which amounted to $773.30; that the corn was thereupon delivered by Phelps to defendant at Burr, and was received by him; that shortly after defendant wrote J. T. McKinnon the following letter: "Office of W. S. Holden. Real Estate and Long Time Loans. Dealer in Grain. Burr, Neb., April 28, 1906. Mr. J. T. McKinnon, Lincoln, Neb. Dear Sir: Mr. Phelps asked me to pay for the shelling of your corn which I agreed to do. If this is not satisfactory to you please let me know, and I will make it satisfactory. You had 2,090 bushels of corn, which amounted to $773.30; bill for shelling, $17.75; commission on sale of farm, $372.00; leaving you a balance of $383.55. Inclosed please find check for same. Yours respectfully,

W. S. Holden." The letter was received by McKinnon, the check was at once deposited by him in one of the city banks for collection, and on the same day plaintiff, finding the defendant in Lincoln, commenced this action against him. So far there is no conflict in the evidence. It further appears that the plaintiff's husband had given the defendant a description of some land which he owned, as well as the farm owned by plaintiff, with a view to listing the same with defendant for sale.; and, although it is not claimed that any contract was ever entered into between them which would meet the requirements of our statute, yet defendant sought, in the manner set forth in the letter above quoted, to collect from J. T. McKinnon a real estate broker's commission of $372 for an alleged sale of his land. Upon this state of facts the defendant has attempted to predicate a defense of accord and satisfaction.

Now, it is apparent that, if this was not an accord and satisfaction within the meaning of the law, then it was the plain duty of the trial court to direct a verdict for the plaintiff. It must be noted that there was no dispute whatever at any time between the parties as to the cause of action sued on by the plaintiff. There was no controversy over the number of bushels of corn delivered to the defendant, and none whatever as to the total price for which it was sold. Defendant conceded the amount due for the corn, but sought to reduce the sum of his indebtedness by the items set forth in his letter, which he had charged to McKinnon, and after deducting those amounts he forwarded the check for $383.55. There had never been any compromise and settlement of the claim of plaintiff for the price of the corn; there had never been anything in that transaction to compromise; there had never been any compromise or settlement of the claim of Holden against J. T. McKinnon for the real estate broker's commission, and the evidence discloses that this matter had never proceeded further than an assertion of it by defendant and a questioning of the charge by Mc-

Kinnon. It will be further noted that defendant's remittance letter above quoted does not make the acceptance of the check conditional on the allowance of the claim for commission. In fact the tenor of the letter indicates the contrary, and shows a desire to make satisfactory anything that should not be found so by McKinnon.

This case is similar in its facts to the case of *Cartan & Jeffrey v. Thackaberry Co.*, 139 Ia. 586. There the defendant conceded the correctness of the plaintiffs' claim for services, but asserted that it had a cause of action against them for damages on another transaction. The defendant sent them a check for the amount of the claim less $500, in a letter stating it to be the full indebtedness of the plaintiffs. Plaintiffs retained the money sent, and acknowledged the receipt of the check, but denied liability for the sum of $500, or any other sum, and proposed an arbitration, stating that, if no arrangement for arbitration or settlement could be made, they would bring suit for the remaining $500 as due on the account. In the *Cartan & Jeffrey* case a protest was in writing, while in the case at bar no acknowledgment in writing was sent, but suit for the balance was commenced on the same day that the check was received. In the opinion of the Iowa court we find the following: "The claim that defendant paid and plaintiffs accepted $403.80, remitted by check, in full satisfaction of a disputed claim for $903.80, is easily disposed of. There was no dispute between the parties as to the indebtedness of defendant to plaintiffs in the full sum of $903.80 on the account. Defendant insisted that plaintiffs owed defendant $500 by way of damages in a transaction having no relation to the account, and remitted the balance, which plaintiffs accepted, not in full satisfaction, but as part payment. Now, it may be true that where a debtor questions the validity of an account, and remits a less amount than that claimed by way of compromise, and the creditor receives and retains the amount thus remitted, the latter

precludes himself from making further claim under that account; but it is equally true that, where the debtor remits an amount less than the amount of an undisputed account, the creditor may retain the money and apply it on the account, and subsequently insist on the payment of the balance. Even though the creditor agrees to accept a sum less than the amount of an undisputed claim in full payment, and to release the balance, and does so receive the less amount agreed upon, his agreement to remit the balance is without consideration and invalid, unless there is some circumstance, such as the insolvency of the debtor, the giving of security, or other matter, rendering the arrangement presumably advantageous to the creditor to serve as a consideration for the release of the portion of the indebtedness not paid. *Engbretson v. Seiberling*, 122 Ia. 522; *Stoutenberg v. Huisman*, 93 Ia. 213; *Myers v. Byington*, 34 Ia. 205; *Eldred v. Peterson*, 80 Ia. 264; *Rea v. Owens*, 37 Ia. 262; *Bender v. Been*, 78 Ia. 283."

This court had occasion to pass upon this question in *Fremont Foundry & Machine Co. v. Norton*, 3 Neb. (Unof.) 804. It was there held that the acceptance by the creditor of a debtor's check for less than the whole amount of a past due liquidated account will not operate as an accord and satisfaction, unless such check is accompanied by the condition that such acceptance shall be a full satisfaction and payment of the whole debt. See, also, *Canadian Fish Co. v. McShane*, 80 Neb. 551.

In *Sampson v. Northwestern National Life Ins. Co.*, *ante*, p. 319, we held that the receipt of money by a creditor, when accompanied by a letter giving the debtor's views as to the amount of his liability, and its application on the amount the creditor claims to be due, without the creditor in any manner assenting to the debtor's claim, is not an accord and satisfaction. This is our latest expression on this question. To make the receipt of a part of the debt a discharge of the whole there must be a new

consideration, or a voluntary compromise of a disputable or disputed demand by which each party yields something, or an accord and satisfaction by which a new contract is substituted. Indeed, it may be said that it is this yielding of something by the parties that constitutes the consideration that will support an accord and satisfaction. We think that the rule adopted by this court is supported by the great weight of authority in this country, and it seems quite apparent that the facts of this case do not bring it within that rule.

3. Defendant assigns error for the refusal of the trial court to sustain his objection to plaintiff's deposition. It appears that no exceptions were filed to this deposition prior to the day of the trial in the district court; that when it was offered in evidence defendant objected to its admission on the ground that no notice had ever been served on the defendant or his agent, or attorney of record, of the taking of such deposition. We find, however, attached to the notice to take the deposition is the affidavit of one Milton M. Starr, who is one of the attorneys for the plaintiff, setting forth that on October 3, 1906, he served a true and correct copy of such notice upon the law firm of Billingsley & Greene, attorneys for defendant, by delivering to said Billingsley & Greene a true copy of said notice. The fact of such service is not controverted by the defendant. The record shows that Billingsley & Greene appeared as attorneys for the defendant in the county court, and that they filed the answer for the defendant in the district court shortly after they were served by Mr. Starr with the notice to take the deposition in question. It thus appears that the objection to the deposition was without merit.

Finally, we are satisfied from an examination of the record that no other judgment than one for the plaintiff could have been rendered by the district court. This being so, it was the duty of the trial judge to direct the jury to return a verdict for the plaintiff.

For the foregoing reasons, the judgment of the district court is in all things

AFFIRMED.